CARLEO, DEFENDANT IN ERROR, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, PLAINT-
IFF IN ERROR.

Argued November 24, 1908—Decided March 1, 1909.

1. The plaintiff, a boy between two and one-half and three years of
age, while walking in Scotland street, in the city of Orange,
toward and on his way across the defendant's railroad tracks at
their crossing of that street, was struck and permanently injured
by one of defendant's express trains. It appeared by the evidence
produced by the plaintiff at the trial of his action against the
defendant for damages by reason of this injury that the defend-
ant's gateman, who was in charge of their safety gates erected
over that public street, had failed to lower them before and at the
passage over the crossing of the colliding train, and that no signal
of its approach, either by bell or whistle, had been given, and it
was *held* that no error had been committed in the refusal of the
trial court to grant defendant's motions to nonsuit and to direct
a verdict.
2. Contributory negligence cannot legally be imputed to a child of
such tender years, and if the defendant's negligence in its manage-
ment of its train upon the public street was the proximate cause
of the accident, or a material factor in it, the child's conduct in
attempting to cross the tracks there, no matter how careless such
an act would have been in a person *sui juris*, cannot be invoked
by the defendant as a shield to protect it from the consequences
of its own breach of duty.

On error to the Essex County Circuit Court.

For the plaintiff in error, *Max M. Stallman* and *McCarter
& English*.

For the defendant in error, *Duane E. Minard* and *Cort-
landt Parker*.

The opinion of the court was delivered by

VREDENBURGH, J. The counsel for the plaintiff in error
insist that the trial court erred in refusing to grant their
motions for a nonsuit, and for a direction of a verdict in
favor of their client. If there was *any* testimony from which
the jury could have reasonably concluded that the facts re-
quired to be proved by the plaintiff below were established, it

will be conceded that this action of the court was not error. There were two elements of proof essential to a recovery by the plaintiff. The *first,* that the accident occurred and the plaintiff was injured by the defendant's cars at a point where the defendant's tracks crossed the public street, called "Scotland" street, and over which tracks the plaintiff was rightfully proceeding or attempting to cross, and the *second,* that the defendant had been guilty of some negligence either in the management of its gates there or in failing to give the statutory signals of bell and whistle of the approach of its train which caused the plaintiff's injury. That there was sufficient evidence to go to the jury upon the latter question (the defendant's negligence in the respects just noted) is plainly apparent upon the record, and indeed is not contested in the brief of counsel. It is there admitted that the evidence on these points is conflicting, and that, therefore, it is beyond the province of this court, upon this writ of error, to reverse on such ground the judgment below. The important question of fact to be determined from the testimony is whether there was *any* evidence tending to show that the plaintiff was walking toward or actually crossing the defendant's tracks within the limits of Scotland street when he received the injury sued for. On May 29th, 1905, at about six o'clock P. M., the plaintiff, a child between two and one-half and three years of age, was picked up from the ground at a point alongside of or very near to the crossing of the defendant's railroad track on Scotland street just after its train had passed that place. His left hand had been partly crushed and cut and permanently mutilated, evidently between the car wheels and the track, as shown by the blood upon the rail; otherwise he was uninjured. The precise point on the street where the testimony indicates the train hit the child is in doubt, mainly for the reason that after his contact with the fast-moving express train he was seen to have been carried or rolled forward by it a distance of many feet in the direction it was moving. Whether the place of plaintiff's first contact with the train was within the lines of Scotland street where the tracks crossed it, and, therefore, was a point at which the

plaintiff had the right to cross, was the important issue which the jury was to be called upon to determine. It will be seen that, in view of what has been said as to the issue then on trial, a very simple problem was presented to the trial court by the motions under consideration. Was there *any* substantial evidence (I do not mean a mere scintilla of proof) to sustain the plaintiff's contention that he was injured through the negligence of defendant's agents while he was within the limits of the public highway endeavoring or about to cross the railroad tracks of defendant? It should be noted that the plaintiff is a child of such tender years that he is considered in law as *non sui juris,* a person to whom negligence cannot be imputed. If the negligence of the defendant on the public street was the proximate cause of the injury, or a material factor in it, the child's conduct there, no matter how careless it would have been if done by a person *sui juris,* cannot, under well-settled legal principles, be availed of by defendant to protect it from responsibility. *Williams* v. *Great Western Railway Co., L. R.,* 9 *Exch.* 157; 43 *L. J. Exch.* 105; *Pletcher* v. *Scranton Traction Co.,* 185 *Pa. St.* 147; *Traction Company* v. *Heitman's Administrator,* 32 *Vroom* 682; *Newman* v. *Phillipsburg Horse Car Co.,* 23 *Id.* 446.

Three of the plaintiff's witnesses testified that they were present at the time of the accident, and within a few feet, not exceeding one hundred (two of the witnesses stating a much nearer distance), of the boy when he was hit by the defendant's train, and saw the collision; that they first saw the plaintiff as he was walking on Scotland street, and going toward, or about to cross defendant's tracks there—at that point the street embraces within its lines (as the map shows) the curve of the railroad tracks where they cross the street; that they saw him walking on Scotland street up close to the tracks at the crossing; one of the witnesses testified that plaintiff came to within "about a couple of feet" of the track; another that he came alongside of the track "about five feet" from it, and the third that plaintiff came "right near the track;" they all said that the gateman did not lower the gate until after the train had passed, and the plaintiff had been

struck by it. One of the witnesses said that the plaintiff was "right in the middle of the (Scotland) street" just before the collision, and that if the gate had come down it would have "hit the boy;" they all said they saw the plaintiff just before and right after he was hit by the train; that after the train passed he was lying down on the ground until picked up by some person; that he was bleeding and "his arm was full of blood;" that his hand was bloody and was cut. Two of the witnesses stated that no bell was rung or whistle blown before the train came to the crossing. I think this to be a sufficient summary of material testimony given in behalf of the plaintiff upon the issues on trial to answer present purposes. From it the jury could reasonably conclude that the facts necessary to be proven to sustain the plaintiff's right of action were established. It shows that the defendant had, at the crossing of its railroad over the public street, been guilty of negligence which was the proximate cause of the plaintiff's injury, or, at least, a material factor in it. If the safety gates had been properly lowered at the crossing in front of the advancing boy, or the bell had been rung or whistle blown to announce the coming of the rapidly moving train, those warnings might have startled him and delayed his advance, or hastened his retreat in order to avoid being run over. At all events the defendant cannot, under the conditions presented by the evidence above recited, be heard to urge that these legal requirements, even if they had been complied with by it, might have been unavailing to prevent the plaintiff from going upon its track. In view of this clear testimony, whether its truth was disputed or not by the defendant, the trial court was without authority, we must conclude, to take the cause away from the province of the jury. None of the assignments of error furnish ground, we think, for the reversal of the judgment below, and it should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, VREDENBURGH, VROOM, DILL, J.J. 13.

*For reversal*—None.