DAVID G. CONRAD ET AL., APPELLANTS, v. ABRAM R. GERBER ET AL., RESPONDENTS.

Argued May 24, 1929—Decided October 14, 1929.

For the appellants, *James Mercer Davis*.

For the respondents, *Palmer & Powell*.

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment in favor of respondents, defendants below, in a suit to recover damages resulting from alleged negligence in setting and controlling a fire. The defendants, on June 27th, 1923, set fire to brush that had accumulated from the clearing of a cranberry bog. It is claimed that the fire escaped and set fire to a pine wood adjacent to the bog creating a general forest fire which extended over a distance of two miles into the property of the plaintiffs where it burned the timber from two cedar swamps, a saw mill and all the machinery and equipment in the mill, a quantity of cedar logs cut and piled ready for sawing and a quantity of sawed lumber.

There are thirty grounds of appeal, twenty of which are argued, under twelve separate heads or points. 1. (Ground 1) Error in refusing the offer of appellants to read, as an admission against interest, the testimony of the defendant Abram R. Gerber, given at a former trial of the cause. The

difficulty is that it does not appear by the record before us exactly what portions of this testimony were offered and we are unable, therefore, to say whether or not that which was offered amounted to a declaration or admission against interest. It is, however, of no moment because if the ruling of the trial court in excluding the offer was error it was not harmful because, subsequently, upon cross-examination of this party who had been called and had testified in his own behalf, he was confronted with his testimony in the former trial, question and answer, and his answers being that he did not remember, such questions and answers were offered and received in evidence. The previous ruling complained of, if erroneous, was, therefore, neither harmful nor prejudicial to the cause of the appellants.

2. (Ground 10) It is insisted here that it was error to refuse to strike the answer to the following question directed to William Cranmer, fire warden, and also foreman of the defendants: "Q. Then what were the conditions after that on the next day? A. Well, on Monday I thought it was most too wet in the swamp to do any burning. I was thinking of burning it on Monday."

The complaint against this ruling is that the witness had not been qualified as an expert and the answer was an expression of opinion. We think the point is not well taken because the witness, we conclude, had been qualified, but had he not been the question and answer were not directed toward a subject requiring any special expertness, and was not in anywise harmful or prejudicial to appellants.

3. (Ground 13) This is directed at the exclusion of an answer, on cross-examination of the witness, William Cranmer (fire warden and foreman of defendants), to this question: "Did you issue a permit to yourself at that time?" This related to the burning of the easterly half of the bog which took place some days before the burning of the westerly half, which latter burning was the basis of the action in question. This inquiry was neither relevant or pertinent to the issue and was not proper cross-examination, and the insistence that it would show inconsistent conduct bearing upon the credibility of the witness we think is unsound.

4. (Ground 14) This is directed at rulings excluding answers to the following questions on cross-examination of the same witness: "Q. Why did you issue the permit to yourself? Q. With regard to this fire on the 27th?" What we have said under the last preceding ground of appeal applies here and such ruling was not error.

5. (Ground 15) Exclusion of the answer to the following question upon cross-examination of the same witness: "Q. Well, didn't that enter into your determination as to whether it was a fit time to burn or not?" It is contended that the witness as a fire warden was required, under the statute, to take into consideration, when issuing a permit to burn, the time when the burning was to take place. Assuming, but not conceding, this to be so the question was not directed at a proper subject of cross-examination and therefore the exclusion of the answer was not error.

6. (Grounds 16, 17 and 18) These grounds are directed at the exclusion of answers to the following questions upon cross-examination of the same witness: "Q. Now when you saw him on Friday, in which he made application for this permit, when did he tell you to burn? Q. Did he tell you when to burn? Q. Did you get at any time any instructions before this fire as to when to start the fire?" What we said under the last point disposes of these grounds.

7. (Ground 19) Error in excluding an answer to the following question upon cross-examination to the same witness: "Did you show it to anybody before you delivered it?" This related to the permit for the fire in question, which permit was not produced at the trial.

It is said that this, with other exhibits, was turned over to counsel who conducted the cause of plaintiffs at the previous trial and not turned over by him to present counsel for plaintiffs; this was admitted and therefore there was no harmful error in the ruling complained of.

8. (Ground 20) This is directed at an alleged error in permitting to be read to the jury the stenographic notes of a conference of counsel and trial judge in chambers respecting counsel for defendant presenting himself as a witness in

behalf of his clients. It appears that the result of such conference was that while the trial judge recognized the professional impropriety of such action he did not feel warranted in sustaining an objection thereto and it further appears from a statement by the trial judge that counsel for defendants at such conference had stated that if such notes were read he would not offer himself as a witness.

The side bar conference as read by the stenographer was—

The court—"I asked Mr. Palmer if he expected to offer himself and Mr. Powell as witnesses for the defense in this case. His reply is that it is his present feeling. Why do you feel that it is necessary, Mr. Palmer, to testify? I am not asking you to give the scope of your testimony but an opinion from you as to why you feel that it is necessary to depart from the rule or the general practice?"

Mr. Palmer—"As to the testimony, of course, what I may say is known, because it is a matter of record in the former trial so that there can be nothing different that I would say from what I have already said with which the court and counsel are familiar. As to the necessity for it, it is simply this: that it hinges on the point in the woods where the fire apparently started. As to that I have only the testimony of the defendant Gerber himself, Abram Gerber. And having seen the place within a comparatively short time after the fire I feel that the matter is of sufficient importance to warrant my disregarding the proprieties of the situation and offering myself as a witness."

The court—"This question is raised by the application of counsel for the plaintiff for a ruling by the court in the matter of counsel for the defendants appearing as witnesses in this case. While it seems entirely clear from the opinions expressed in our own courts that the practice of counsel who is actively conducting the case appearing as a witness therein is looked upon with extreme disfavor I feel that I can go no further than to express my concurrence with that view and that certainly in view of Mr. Palmer's statement, that I would not be justified in going any further at this time. Of course, counsel may, at the proper time, object

to the testimony, but in order that counsel may know how the court feels about it my present impression is that unless I get some further light or authority upon the subject that I should not feel warranted in sustaining any such objection. That, Mr. David, is the disposition of the matter."

Prior to the reading of the foregoing to the jury, Mr. Powell, one of counsel for defendants, had taken the stand and testified in their behalf, without objection.

Until the question of the non-offer of Mr. Palmer as a witness had been in some manner raised by counsel for the plaintiffs, it may well have been urged that there was no legal necessity for defendants to account for such non-offer and then with due legal propriety such non-offer might well have been accounted for in some other manner than that employed here, nevertheless we are unable to discover any harmful error that worked toward the plaintiffs because of the manner and method employed.

9. (Grounds 22, 23, 24, 25 and 26) These are directed at the alleged error in permitting the witnesses, Lippincott and Thornburg, to express their opinions as to where the fire that did the damage came from and originated. The objection is that this was not a subject of expert opinion but that proof of facts and conditions should have been made so that the jury might draw its own conclusion therefrom.

With this we do not agree. It might well be that any person could have observed and testified to the conditions observed by these witnesses and yet because of lack of skill and experience in such matters could not have drawn any conclusions therefrom and that such conclusions could only be the result of experience in qualified witnesses and expressed as opinions based upon the conditions observed and the experience of the witness.

10. (Ground 27) Error in refusing to charge plaintiffs' third request: "You are instructed as a matter of law that fire is a dangerous agency and that any one starting or kindling fires is bound under the law to exercise a very high degree of care, commensurate with the danger involved to prevent its escape and consequent damage to others."

Appellants cite *Piraccini* v. *Director General of Railroads*, 95 *N. J. L.* 114, and *New Jersey Fidelity and Plate Glass Insurance Co.* v. *Lehigh Valley Railroad Co.*, 92 *Id.* 467, as placing fires in the class of dangerous agencies requiring a very high degree of care in their setting, care and control. In the latter case this court, relying upon *Newark Electric Light Co.* v. *McGilvery*, 62 *Id.* 451, did hold that a very high degree of care rests upon those who maintain agencies which are dangerous to human life, but in doing so defined high degree of care to be "no more than degree of care commensurate with the risk of danger."

It is to be taken into consideration, however, that in *Piraccini* v. *Director General, supra,* the court was dealing with a situation where the fire was set "in the midst of a populous city, near a path frequented by the public for many years, with the acquiescence of the railroad company and frequented by school children; near also to land significantly called 'Playground' * * *." The case of *Davenport* v. *McClellan,* 88 *N. J. L.* 653, to which it was likened was a case where the defendant built a fire of leaves in a public street of East Orange, leaving it unextinguished and unguarded, which this court said was the committing of a nuisance making the wrong-doer responsible for consequential damages which might reasonably be apprehended.

In *New Jersey Fidelity, &c., Insurance Co.* v. *Lehigh Valley Railroad Co., supra,* this court was dealing with a dangerous agency consisting of more than two million pounds of high explosives.

A high or very high degree of care undoubtedly was there required.

The rule laid down in 45 *Corp. Jur.* 850, § 272, and which seems to be applicable to the situation before us is—

"Although the early common law was to the contrary * * * the rule is now well settled that in the absence of statute, liability for injury to others through the escape of fire from premises of which one is in control must, in general, be predicated upon negligence, and the mere setting of a fire for lawful purposes and under prudent circumstances

is not negligence *per se.* However, one who sets a fire upon his own premises, even for a lawful purpose is liable for damages occasioned by the communication of the fire to the property or premises of another where he has been guilty of negligence in kindling the fire or in guarding against its spread. The duty rests upon him to use ordinary or reasonable care in setting the fire and in keeping it or preventing its spread, which care must be commensurate with the danger reasonably to be anticipated and is dependent upon the circumstances of each particular case."

Measured by this rule we think the instruction of the trial court upon the care required in the case in question was proper and legally sufficient and that it was not error to refuse to charge the request.

This ground also goes to the refusal to charge plaintiffs' fourth request—

"Where a person negligently puts into motion a dangerous agency then he is liable for all the consequences that naturally and proximately flow from such negligent act and if the defendants in this case negligently allowed fire to escape from their premises and as a natural and proximate consequence back fires were started that burned the plaintiffs' property then the defendants would be liable."

We think there was no error in refusing to so charge in that the request is legally unsound because it places no degree of care upon the manner of setting the back fire, thus leaving out of the instruction the fact that such back fires may have been independent, intervening agencies producing the damage. This was a matter urged at the trial with considerable vigor.

In *Davenport* v. *McClellan, supra,* it is held—

"An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause." Moreover the trial court correctly charged the rule applicable.

11. (Ground 28) Error in charging defendants' third request as follows:

"That the defendants had a lawful right to start a fire upon their own property for the purpose of clearing the same and were obliged to use only reasonable care in setting and guarding the same."

We think this instruction, taken in connection with the court's previous instruction respecting the care required was not erroneous.

12. (Grounds 29 and 30) Error in charging as follows:

"That a person starting a back fire for the purpose of protecting or attempting to protect his or another's property from injury by fire, must use a reasonable degree of care in selecting a place for such back fire and in guarding the same after it has been started. If you should find that a back fire set by third persons not impliedly or expressly the agents or servants of the defendants was communicated to plaintiffs' property and destroyed it, and the back fire would not have done the damage if reasonable care had been used in setting or guarding it, then the defendants would not be liable."

This appears to us to be a correct statement of the legal rule.

Finding no harmful or prejudicial error in any matter raised and argued upon this appeal the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, KAYS, DEAR, JJ. 13.

*For reversal*—None.