CHARLES T. SMITH, BY MARIE SMITH, HIS NEXT FRIEND, AND MARIE SMITH, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. JAMES J. McFEELY, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided December 5, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-appellees, *George M. Eichler (Henry Joseph, of counsel).*

For the defendant-appellant, *Charles Stockdell Gray (Reynier J. Wortendyke, Jr., of counsel).*

PER CURIAM.

This appeal is from a judgment recovered in the Hudson County Court of Common Pleas by the plaintiffs.

There is only one point involved in the appeal and that is that the trial court denied defendant's motion for nonsuit and for direction of verdict. These motions were based upon the proposition that the evidence in the plaintiffs' case failed to justify an inference of negligence on the part of the defendant.

It appears that one of the defendant's trucks broke down on Willow avenue, in the city of Hoboken, New Jersey, the left rear wheel having collapsed. The steel rim was taken off the damaged wheel and placed against a pole in a leaning position, the bottom resting in the gutter. The infant plaintiff, with others, was playing on the street close by, and the children were attracted to the accident. The testimony disclosed that one of the boys in the crowd attempted to lift the wheel to show how strong he was and that it fell on plaintiff's foot. On motion for a nonsuit or for a direction of a verdict for the defendant, the rule is that the evidence adduced must be viewed in a light most favorable to the plaintiff, together with all the legitimate inferences such evidence will support. The jury was entitled to infer that leaving the heavy steel wagon rim leaning against the pole, unguarded, was an act that an ordinarily prudent person would not do. The defendant must have recognized, or if it did not is chargeable with the knowledge that a heavy object, placed as stated, was, under the circumstances, potentially dangerous and capable of harm. We think therefore that the motions were properly denied.

It is further argued that the evidence in the case is not sufficient to justify an inference that the negligence of the defendant was the proximate cause of the plaintiff's injury. We think that it was. It is argued that even though the defendant was negligent that there was an intervening agency, namely, the action of one boy of the group that was standing around the broken down truck, who attempted to lift the wheel in question. We are unable to agree to that proposition. The infant plaintiff had a legal right to be where he was at the time of the happening, namely, on a public street. He was injured without fault on his part, since no act of his contributed towards his injury. The conduct of the defendant created the dangerous situation, as the jury found, and but for such conduct the plaintiff would have suffered no injury.

An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause. *Davenport* v. *McClellan,* 88 *N. J. L.* 653; 96 *Atl. Rep.* 921. We do not think that the act of the third party, as disclosed by the facts in this case, was an intervening cause.

The judgment under review is affirmed, with costs.