CHARLES E. DANIEL, PLAINTIFF-APPELLEE, v. GIELTY TRUCKING COMPANY, A CORPORATION OF NEW JERSEY, NICHOLAS ZARRILLO, DEFENDANTS-APPELLANTS, JOHN SAGES AND "WILLIAM" BERBERIAN, FIRST NAME WILLIAM BEING FICTITIOUS AND UNKNOWN, TRADING UNDER THE FIRM NAME SAGES AND BERBERIAN, PARTNERS, AND MARTIN MAHLER, DEFENDANTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the defendants-appellants Gielty Trucking Company and Nicholas Zarrillo, *Green & Green* (*David Green*).

For the plaintiff-appellee, *Stuhr & Vogt* and *John W. McGeehan, Jr.*

The opinion of the court was delivered by

BODINE, J. The defendant Trucking Company appeals from a judgment in favor of the plaintiff and against the defendants. Error is predicated upon the failure to nonsuit or direct a verdict. The plaintiff was struck by the Sages and Berberian truck while crossing Central avenue, East Orange. There are traffic lights at the place of injury. These lights indicated, at the time of the occurrence, that eastbound traffic should stop and that it was safe for the plaintiff to proceed in the direction in which he was going.

The Traffic act (*Pamph. L.* 1928, *art. 5, ch. 281,* § 1, as amended by chapter 247, *Pamph. L.* 1931, § 7), provides as

to intersections where traffic is controlled by a traffic signal, as follows: "A pedestrian crossing or starting across any such intersection on a 'go' signal shall have the right of way over all vehicles, including those making turns, until such pedestrian has reached the opposite curb or place of safety, and it shall be unlawful for the operator of any vehicle to fail to yield the right-of-way to any such pedestrian."

The plaintiff had passed in front of two standing cars. The Trucking Company's vehicle was moving moderately fast in an easterly direction. However, it did not stop as it should have done for the red light and the plaintiff, in order to avoid injury, took a quick step forward and was struck by a truck owned by the other defendant. The testimony showed that the driver of this vehicle was proceeding at a terrific rate of speed. The proofs clearly indicate that the driver of the truck, the property of the appellant, Gielty Trucking Company, failed to observe a duty owed to the plaintiff and that he, while attempting to avoid injury, was struck by the other defendant, who was also negligent in failing to observe due care. It is argued that as a matter of law causal connection between the negligent act of the driver of the Gielty Trucking Company's truck and the injury suffered was broken. It would seem that causal connection was not broken as a matter of law and that the issue was for the jury under the instructions given.

The American Law Institute in its Restatement of the Law of Torts, states the applicable rule of law as follows: "Failure of a third person to perform a duty owing to another to protect him from harm threatened by the actor's negligent conduct is not a superseding cause of the other's harm." *A. L. I. tit. "Torts," ch.* 16, § 452.

"The mere fact that another person concurs or co-operates in producing the injury or contributes thereto, in any degree, whether large or small, is of no importance, * * *. It is immaterial how many others have been in fault, if the defendant's act was an efficient cause of the injury." 1 *Shearm. & R. Negl.,* § 31.

"The connection between the defendant's negligence and the plaintiff's injury may be broken by an intervening cause.

In order to excuse the defendant, however, this intervening cause must be either a superseding or a responsible cause. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of the defendant's negligence that it alone, *without his negligence contributing thereto in the slightest degree, produces the injury.* It is a responsible one, if it is the culpable act of a human being, who is legally responsible for such act. The defendant's negligence is not deemed the proximate cause of the injury, when the connection is thus actually broken by a responsible intervening cause. *But the connection is not actually broken, if the intervening event is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant's negligence is an essential link in the chain of causation.* Of course, the very definition of a superseding cause implies that the defendant's negligence cannot be the cause of the injury." 1 *Shearm. & R. Negl.,* § 32.

"The cases in which the responsibility is laid on the original wrongdoer, though intervening agencies without fault have interposed, are quite numerous. Indeed, cases of this class are only instances of the application of the principle adjudicated in the well known Squib case, as expressed in the opinion of Chief Justice De Grey. *Scott* v. *Shephard,* 2 *W. Bl.* 892. Whenever an intervening agency which has transmitted the force of the defendant's wrongful act to the injury complained of, appears, the question whether causal connection exists, so that the original wrongdoer shall be liable, is sometimes a question of law and sometimes a question of fact, according to the circumstances of the particular case." *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 39 *N. J. L.* 309, 310.

"It is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. In other words, *an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury.* The test is not to be found in the number of intervening events or agencies, but in their character and in the natural

connection between the wrong done and the injurious consequences of the original negligent act or omission and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable, notwithstanding the intervening act or event." 45 *C. J.* 927.

"An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause. *Cuff, Administratrix,* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17; *Claypool* v. *Wigmore,* 71 *N. E. Rep.* 509. In *Scott* v. *Shephard,* 2 *Bl. R.* 892; *Smith L. Cas.* 797, the defendant was held liable for injuries arising from the throwing of a lighted squib, although it had passed through the hands of at least two persons before it exploded, each adding a new propelling force, which the court held was but the continuance of the original wrong, the unlawful throwing of the lighted squib, and that the proximity of defendant's act was not destroyed by what happened between the throwing and the explosion of the squib." *Davenport* v. *McClellan,* 88 *N. J. L.* 654.

A woman terrified by the negligent act of the defendant in her effort to escape fell and was injured. It was held to be extraordinary if she should be without remedy. *Tuttle* v. *Atlantic City Railroad Co.,* 66 *N. J. L.* 327. It would be equally extraordinary if the plaintiff in this case, terrified by the act of the defendant, should be without a remedy because in his effort to save himself he was struck by another car, the driver of which was also negligent. The injury he suffered was both the natural and probable consequence of the original negligent act of the driver of the Gielty truck, who might with reason have foreseen the consequences of his wrong. A child moving a ring placed against a tree while a tire was being repaired was not such intervening cause as would break causal connection between the initial wrong of leaving the ring where it was and an injury suffered by a companion. *Smith* v. *McFeely,* 175 *Atl. Rep.* 368. One negligently backing an automobile from a driveway is not relieved of damages

because his act caused a motorcyclist to collide with another car. *Pyers* v. *Tiers*, 89 *N. J. L.* 520.

It seems clear to us that the driver of the Gielty truck was negligent and that the jury could well have found, as they did, that the resulting injury was the natural and probable consequences thereof and such as might reasonably have been foreseen. *Brower* v. *New York C. and H. R. Railroad Co.*, 91 *N. J. L.* 191.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.