The narrow question for decision on the record submitted is whether the order under review denying appellant's motion for allowance of counsel fees and taxed costs is, as urged, improper.
This is appellant's — defendant below — second appeal in this case. His first appeal was from an order denying his motion "to strike out the bill of complaint" on the ground that respondent — complainant below — had an "adequate remedy at law." Appellant prevailed. Kurth v. Maier, 133 N.J. Eq. 389; 31 Atl. Rep.
2d 835. Accordingly, he caused a remittitur to be filed, the decretal provision of which reads as follows:
"Ordered * * * that the order of the Court of Chancery made on the 4th day of November, 1942, from which defendant appealed, be and the same is hereby reversed and costs in *Page 512 
this court and in the Court of Chancery to be paid by the respondent, and it is further ordered, that the record in this cause be remitted to the Court of Chancery for further proceedings therein according to law and the practice of this court."
Thereafter appellant, by his solicitor, on due notice to the solicitor for the respondent, applied to the Court of Chancery for an order decreeing that counsel fees and taxed costs be allowed to him, and the solicitor for respondent, on due notice, applied for an order transferring the cause to the New Jersey Supreme Court in light of the determination that respondent had a complete and adequate remedy at law.
The learned Vice-Chancellor advised an order (July 20th, 1943) which was entered, denying appellant's application for costs and granting respondent's application for transfer. Appellant's second and instant appeal is from that portion of the order which denied his application for counsel fees and costs.
We think that appellant must again prevail. The applicable principles are settled. They are clearly and tersely stated inWemple v. B.F. Goodrich Co., 127 N.J. Eq. 333 (at p.353); 12 Atl. Rep. 2d 716. It should suffice to observe that the court below was obliged explicitly to carry out the terms and provisions of the remittitur which had been sent down to it by this court. Only this court may change its remittitur.
By the terms and provisions of the remittitur, as we have pointed out, appellant was entitled to his costs in this court and in the Court of Chancery. The denial thereof was improper.
The order under review is reversed, with costs in this court; and the Court of Chancery is directed to award "costs in this court and in the Court of Chancery" as directed in theremittitur on the first appeal.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15. *Page 513