VINCENT YANAS, EXECUTOR OF THE ESTATE OF JENNIE YANAS, DECEASED, PLAINTIFF-APPELLEE, v. JOHN HOGAN AND JOHN GAUL, PARTNERS TRADING AS HOGAN-GAUL CONSTRUCTION COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 1, 1945—Decided July 12, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff-appellee, *Joseph T. Karcher.*

For the defendants-appellants, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Middlesex County Court of Common Pleas rendered in favor of the plaintiff-appellee against the defendants-appellants.

The action was brought under the Death Act to recover damages for the pecuniary loss sustained by the death of Jennie Yanas, deceased. There were three sets of defendants joined in the action. After answers were filed, plaintiff settled with the defendants other than the appellants, giving to each of them a covenant not to sue and the action was discontinued as against them.

The deceased was standing on a safety isle in State Highway Route 35 near the intersection of Oak Street in the Borough of Sayreville, Middlesex County. The first count of the complaint alleged that she was struck by the automobile of the defendant Stroin and the second count alleged negligence in the operation of his automobile as against the defendant Bernabei. The third count charged that the appellants here were negligent in the performance of work being done by them on the road adjacent to the safety isle, under contract with the State Highway Department, and because of such negligence the automobile of the defendant Stroin, or that of defendant Bernabei, or both, struck the decedent and caused her death. There was no count in the complaint alleging joint or concurring negligence.

At the conclusion of the testimony a motion was made for a direction of a verdict in favor of the appellants which was denied. It is now claimed such was error. The ground of the motion was that there was no evidence of negligence on the part of the appellants which was the proximate cause of the death of plaintiff's intestate.

It is significant that no motion for a nonsuit was made at the close of plaintiff's case. From this fact it is fair to infer, that at least at that point, appellants realized that a jury question was presented on the question of their negligence.

It will serve no useful purpose to review the testimony in detail. It was conflicting. There was evidence presented that the manner in which heavy logs were deposited in the safety isle, the position in which barricades were placed in the road shutting off two lanes of traffic on a three lane highway and the size and positions of warning signs all did not conform to standard practices and construction, and that by reason of all these acts the defendant Stroin, coming to this portion of the highway, was caused to apply his brakes suddenly and make a sharp turn in a small space. He skidded on to the safety isle, struck one of the logs, which broke his steering apparatus and caused him to lose control of his car, after which he struck deceased.

The facts being in dispute, the questions of negligence and proximate cause were properly left to the jury. *Schreiner* v. *Delaware, Lackawanna and Western Railroad Co.,* 98 *N. J. L.* 899. To enable the court to take from a jury the question of whether or not the negligence of the defendant is the proximate cause of the injury, the facts must not only be undisputed, but the inferences to be drawn therefrom must be such that fair-minded men ought not to differ about them. *Podolsky* v. *Sautter,* 102 *Id.* 598; *McKittrick* v. *Dugan Bros. of New Jersey, Inc.,* 119 *Id.* 605. It is also a jury question, on conflicting testimony, to determine whose negligence, of several persons contributing to the injury, was *the* or *a* proximate cause thereof.

Appellants argue that the word "proximate" indicates that there must be no other culpable or efficient agency intervening between defendants' dereliction and the loss, but it is well settled that an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury. *Daniel* v. *Gielty Trucking Co.,* 116 *N. J. L.* 172. "The mere fact that another person concurs or co-operates in producing the injury or contributes thereto, in any degree, whether large or small, is of no importance, * * *. It is immaterial how many others have been at fault, if the defendant's act was an efficient cause of the injury." *Daniel* v. *Gielty Trucking Co., supra,* citing 1 *Shearm. & R. Negl.,* § 31.

If the means employed by appellants to warn and guide traffic were inadequate to effectuate this purpose and fell short of the requirements of reasonable care for the safety of other users of the highway, they were negligent. If they obstructed the highway by barricades or by placing timbers thereon and this was done without the exercise of due care, they were negligent. Under the proofs these were properly questions for the jury as was the question of whether or not the negligence, if any then existed, was *the* or *a* proximate cause of death of plaintiff's intestate.

The judgment is affirmed, with costs.