17 N.J. Super. 366 (1952)
86 A.2d 265
BRUCE HELLSTERN BY HIS GUARDIAN AD LITEM KARL HELLSTERN AND KARL HELLSTERN, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
LEON SMELOWITZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1952.
Decided January 25, 1952.
*369 Before Judges McGEEHAN, JAYNE, and Wm. J. BRENNAN, JR.
Mr. Harry Chashin argued the cause for appellants (Messrs. Marcus & Levy, attorneys; Mr. Hyman W. Rosenthal, of counsel).
Mr. William V. Breslin argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
This action arose out of the occurrence of a mishap on Virginia Avenue, at Paterson, on the afternoon of August 23, 1948. The defendant was the owner and operator of a motor vehicle proceeding on the avenue in a westerly direction, and just beyond the intersection of the avenue and East 19th Street the vehicle and the infant plaintiff, Bruce Hellstern, then five years, three months and 15 days of age, came into collision. Compensatory damages were sought for the bodily injuries sustained by the infant. His father sued per quod.
A previous trial of the action resulted in a judgment of involuntary dismissal at the conclusion of the introduction of the evidence submitted on behalf of the plaintiffs. That judgment was reversed and a new trial was directed.
In the opinion filed by the appellate tribunal but not officially reported, the following conclusion, inter alia, was expressed: "In view of the age of the child, the only issue was the negligence of the defendant." The mandate issuing in pursuance of the opinion required "* * * that the record and proceedings be remitted to the said Superior Court (Law Division) to be there proceeded with in accordance *370 with the rules and practice relating to that court, consistent with the opinion of this Court." (Italics ours.)
The action was retried in the Law Division, submitted to the jury for determination, and a verdict of no cause of action in favor of the defendant and against both plaintiffs was rendered. The plaintiffs again appeal.
One of the grounds emphasized for the reversal of the present judgment is that the trial judge presiding at the second trial submitted to the jury for consideration the question relating to the contributory negligence of the infant plaintiff in disobedience of the mandate of the appellate tribunal.
In Jewett v. Dringer, 31 N.J. Eq. 586 (Ch. 1879), the vice-chancellor adverted to the contemplation that:
"Our government, for the proper administration and enforcement of the laws, has created several different tribunals, and assigned to each certain powers and duties. Some it has made superior to others, and to the superior it has given power to supervise the action of the others. Under such a system, unless each keeps strictly within its allotted sphere, and the subordinate yield obedience to the decrees of the superior, strife and disorder must necessarily ensue, and eventually the law will be overthrown and justice defeated."
Our former Court of Errors and Appeals in McGarry v. Central R.R. Co. of N.J., 107 N.J.L. 382 (1931), expressed this comment:
"The mere statement of this proposition, as it seems to us, demonstrates its unsoundness. In essence, it is a declaration that, when a trial court disapproves of a legal principle laid down by a court of review as controlling in the determination of a case, it may disregard that principle, refuse to be bound by it, and decide the matter before it in direct violation of the controlling principle laid down by the appellate tribunal."
It is the well established, if not the universally accepted, rule that the trial court is under a peremptory duty to obey in the particular case the remittitur or mandate of the appellate court precisely as it is written, even though the remittitur or mandate is manifestly erroneous. Oswald v. *371 Seidler, 138 N.J. Eq. 440 (E. & A. 1946); Isserman v. Isserman, 2 N.J. 1 (1949); 3 Am. Jur. 730, § 1234, et seq. Relief from such a judicial obligation must be sought by an aggrieved party exclusively in the appellate tribunal. Wemple v. B.F. Goodrich Co., 127 N.J. Eq. 333 (E. & A. 1940); Kurth v. Maier, 134 N.J. Eq. 511 (E. & A. 1944). Practicability and sound logic sustain the rule and its supporting precedents.
Cases may be envisioned in which the determinative factor of the decision of the appellate court was the state of the evidence in the first trial and the evidence introduced at the second trial is so materially divergent, or substantially dissimilar or significantly supplementary as to render inapplicable the conclusion expressed by the appellate court on the review of the former trial. The rule, however, to which we refer is certainly peremptory in its relation to what is spoken of as the law of the case, that is, to the principle of law which the appellate tribunal has expressly declared to be applicable to the particular cause of action.
The latter situation is presented to us by the present appeal. The declaration of the appellate tribunal was that "in view of the age of the child, the only issue was the negligence of the defendant." The contributory negligence of the infant plaintiff was expressly averred by the defendant in the second separate defense to the first count of the complaint. The only reasonable interpretation of the judicial pronouncement in the circumstances is that in view of the uncontroverted fact that the infant plaintiff was only five years, three months and 15 days of age at the time of the occurrence of the mishap, there is a conclusive presumption of law that he was incapable of contributory negligence. The trial judge nevertheless submitted the issue of the contributory negligence of the infant plaintiff to the jury for consideration at the second trial.
Another point accentuated by counsel for the appellant is critical of the following portion of the charge of the trial judge concerning proximate cause.
*372 "The law requires that damages chargeable to a wrongdoer must be shown to be the natural and proximate effect or result of the delinquency. The term `natural' means that they might reasonably have been foreseen; and the term `proximate' means that there has been no other intervening cause. As I have said, the burden is upon the plaintiff to satisfy you by the preponderance of the evidence or the greater weight of the evidence of the negligence of the defendant, as I have defined negligence, and that that negligence was the proximate cause of the alleged injury."
At the conclusion of the court's charge to the jury and before the jury retired to consider the case, counsel for the plaintiffs interposed the following objection:
"And I respectfully except to your Honor's explanation of proximate cause as being equivalent to no other intervening cause, because your Honor neglected to state that the intervening cause which may exculpate the defendant must be a cause which breaks the original causation."
The trial judge did not attribute any merit to the objection and the jurors carried with them the instruction that in proving the essential element of proximate cause, the plaintiffs must show by the greater weight of the evidence that no cause whatever other than the alleged negligence of the defendant intervened. Such an instruction obviously offends the enduring rationale of the famous "Squib case." Scott v. Shepherd, 2 W. Bl. 892.
The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. It is that cause which naturally and probably led to, and which might have been expected to produce, the result. Wiley v. West Jersey R.R. Co., 44 N.J.L. 247 (Sup. Ct. 1882); Kelson v. Public Service Railroad Co., 94 N.J.L. 527 (E. & A. 1920).
The trial judge apparently supposed he had employed the language contained in the decisions in the Wiley case, supra, and in Smith v. Public Service Corporation, 78 N.J.L. 478 (E. & A. 1910), and many others, viz.:
"The rule of law requires that the damages chargeable to the wrongdoer must be shown to be the natural and proximate effects *373 of his delinquency. The term `natural' imports that they are such as might reasonably have been foreseen and as occur in an ordinary state of things. The term `proximate' indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss."
The intervening cause which operates to bar a plaintiff's recovery in a negligence action must be a culpable and efficient cause and one which destroys the efficient causal connection between the negligent act or omission of the defendant and the injury or loss. Davenport v. McClellan, 88 N.J.L. 653 (E. & A. 1916); Morril v. Morril, 104 N.J.L. 557, 563 (E. & A. 1928); Conrad v. Gerber, 106 N.J.L. 158, 165 (E. & A. 1929); Daniel v. Gielty Trucking Co., 116 N.J.L. 172 (E. & A. 1936); Yanas v. Hogan, 133 N.J.L. 188 (Sup. Ct. 1945); Woschenko v. C. Schmidt & Sons, 2 N.J. 269 (1949); Batts v. Joseph Newman, Inc., 4 N.J. Super. 393 (App. Div. 1949), affirmed 3 N.J. 503 (1950); Menth v. Breeze Corporation, Inc., 4 N.J. 428 (1950); White v. Ellison Realty Corp., 5 N.J. 228 (1950). The instruction that the "term `proximate' means that there has been no other intervening cause" is manifestly erroneous.
Since this action must be remanded to the Law Division for a retrial, we are constrained to express our persuasion concerning the application in our State of the principle that an infant under seven years of age is conclusively presumed, as a matter of law, to be incapable of contributory negligence.
Our discussion of the subject does not embrace the element of imputed negligence, cf. Newman v. Phillipsburg Horse Car R.R. Co., 52 N.J.L. 446 (Sup. Ct. 1890); Markey v. Consolidated Trac. Co., 65 N.J.L. 82 (Sup. Ct. 1900), affirmed Id. 682 (E. & A. 1901); nor the propriety of considering the age of the child in determining the alleged negligence of the defendant. Cf. Kaufman v. Bush, 69 N.J.L. 645 (E. & A. 1903); Napurana v. Young, 74 N.J.L. 627 (E. & A. 1907).
In Schneider v. Winkler, 74 N.J.L. 71 (1906), our former Supreme Court stated: "The plaintiff, being a child *374 under the age of seven years, could not be charged with contributory negligence." An acquiescence in that rule may perhaps be implied from the decision in Carleo v. D., L. & W.R.R. Co., 77 N.J.L. 607 (E. & A. 1909).
But in 1934 the former Supreme Court was heard to say in Arivabeno v. Nuse, 12 N.J. Misc. R. 729 (Sup. Ct. 1934):
"The rule does not prevail in this state that an infant between five and six years of age may not, as a matter of law, contribute by his negligence to his injury. * * * We take it that the language in Schneider v. Winkler * * * that a child under seven years of age could not be charged with contributory negligence has been overruled, if it ever was law, but we do not think that it ever was the law of this state."
A few illustrations of the authoritative basis of that comment may be exhibited. Justice Swayze in Baker v. Public Service Ry. Co., 79 N.J.L. 249 (Sup. Ct. 1910), in which a child six years of age was injured, stated:
"It would be convenient if the court could adopt the rule which seems to have been adopted by the more recent cases in Illinois, and hold, in analogy to the rule which exempts children under seven from criminal responsibility, that they are not to be charged with contributory negligence until they have reached at least that age. Illinois Central Railroad Co. v. Jernigan, 198 Ill. 297. This rule, however, has never been adopted in this state and it is opposed by a decision of so weighty a court as that of Massachusetts. Hayes v. Norcross, 162 Mass. 546. Without adopting the Illinois rule, we think, however, it is safe to say that there is a presumption that a child under seven years of age is not guilty of contributory negligence, and while we do not undertake to say that this presumption may not be overcome by proof on the part of the defendant, such proof was absent in this case, and the judge was therefore justified in taking the question of contributory negligence from the jury."
In Ritscher v. O. & P.V. Ry. Co., 79 N.J.L. 462 (Sup. Ct. 1910), it was resolved that the question whether the plaintiff, a boy six years and ten months of age, was guilty of contributory negligence was one for the determination of the jury.
To avoid verbosity, it is feasible to marshal in chronological order some pertinent quotations from the reported decisions *375 of our own appellate courts delivered over a span of relatively recent years.
"This boy, as above remarked, was six and a half years of age at the time of the accident. He was operating his own sled on this snow hill, coasting down into the highway where vehicles were passing and repassing. He may have had some sense and appreciation of the dangers with which he was surrounded, if never so little, and it was a question for the jury to say whether or not he contributed by his own negligence to the accident which happened to him. By their verdict they may have so found  not necessarily, because they may have put their decision on a finding that there was no negligence on the part of the defendant. But, assuming that in their deliberations they reached and decided the question of contributory negligence and found it against the infant plaintiff, still there was no error, because by the law of this state that question was one for the jury." Rinaldi v. Levgar Structural Co., 97 N.J.L. 162 (E. & A. 1922).
"It seems to us proper, however, as the case must be retried, to point out that this instruction was not altogether accurate. The law presumes that a child not over six years of age, injured under circumstances similar to those existing in the present case, has not contributed by his or her negligence to the happening of the accident. But this presumption is not conclusive, and may be rebutted by proof to the contrary; and, where there is such proof, the question of whether the infant was or was not guilty of contributory negligence becomes one of fact, to be determined by the jury, and not one of law, to be determined by the court." Altieri v. Public Service Railway Co., 101 N.J.L. 241, 244 (Sup. Ct. 1925), affirmed 103 N.J.L. 351 (E. & A. 1927).
"On the question of contributory negligence by infants we said in Rinaldi v. Levgar Structural Co., 97 N.J.L. 162, that the degree of care required of a child old enough to be capable of negligence is such as is usually exercised by persons of similar age, judgment and experience, and in order to determine whether a child old enough to be capable of negligence, has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and it is usually a question for the jury to determine whether a child has been guilty of contributory negligence." The infant plaintiff was six and a half years of age. Iaconio v. D'Angelo, 104 N.J.L. 506, 509 (E. & A. 1928).
"The first ground of appeal is that the judgment should be reversed because of error on the part of the trial court in refusing defendant's motion to nonsuit. This motion was based upon the assertion that the child (`about seven years old') was guilty of contributory negligence as a matter of law.
*376 We cannot say that the child was guilty of contributory negligence as a matter of law.
Between the time in life when a person is incapable of exercising the care and judgment necessary to avoid and avert danger, and the time when such person is in law an adult and responsible as such, there is a transition period during which responsibility depends on matters of fact, and in this transition period such person may or may not be guilty of contributory negligence."
The averred contributory negligence of the infant plaintiff was at the trial submitted to the jury and the resultant judgment was affirmed. Nichols v. Grunstein, 105 N.J.L. 363, 364 (E. & A. 1929).
Counsel in advocating (in this case) the application of the conclusive presumption have evidently experienced some alleviating solace from the discovery that in the opinion delivered in Long v. Yellow Cab Co., 129 N.J.L. 560 (E. & A. 1943), in which the infant plaintiff was two and a half years of age and there was no evidence of contributory negligence, the court among its citations resurrected the case of Schneider v. Winkler, supra. There is reason to surmise that the presence of that decision among the citations was more inadvertent than deliberate.
Although the following decisions were rendered in cases in which the infant plaintiffs were between seven and ten years of age, they nevertheless enlighten an understanding of the rather persistent attitude of our courts toward the general subject. Traction Co. v. Scott, 58 N.J.L. 682, 689 (E. & A. 1896); Brady v. Consolidated Traction Co., 64 N.J.L. 373 (Sup. Ct. 1900); Smith v. North Jersey St. Ry. Co., 73 N.J.L. 295 (Sup. Ct. 1906); David v. W.J. & S.R.R. Co., 84 N.J.L. 685 (E. & A. 1913); Solomon v. Public Service Ry. Co., 87 N.J.L. 284 (E. & A. 1915). Noticeable in most, if not all, of the decisions in the foregoing cases is the typical expression "some cases hold" that children below seven are conclusively presumed to be not guilty of contributory negligence. That observation is unquestionably true. See, 107 A.L.R. 4; 174 A.L.R. 1080.
*377 The conclusive presumption has been called the Illinois rule; the rejection of the presumption is denominated as the Massachusetts rule.
The Illinois rule lacks in this day any rational and logical foundation. It rests on the moss-covered stump of an antiquated rule of the criminal law which declined to acknowledge the existence of any capacity in a child under seven years of age to distinguish between right and wrong. There was once a rule by which the age of discretion of an infant was determined to begin when the infant was able to count up to 12 pence and to measure an ell of cloth. Y.B. 12 & 13 Edw. III, R.S. 236 (1339).
It seems entirely reasonable to suppose that the capacity of an infant to understand and to avoid dangers to which it is exposed in a given set of circumstances does not depend so much upon the chronological age of the infant as upon the infant's psychological development.
The ripening of the mental faculties of children in general must, we think, have been accelerated by the progressive enlargement of a child's scope of observations and experiences in our modern environment.
Under the so-called Illinois rule a boy who is one day under seven years of age may be guilty of the most flagrant contributory carelessness and yet evidence of his exceptional precocity and breadth of judgment and experience cannot be introduced to overcome the illusory presumption of babylike puerility.
In the frequently cited decision in Camardo v. New York State Railways, 247 N.Y. 111, 116, 159 N.E. 879 (Ct. of App. 1928), written by Justice Lehman in which Justice Cardozo concurred, it was stated:
"* * * A child's age does not alone determine its capacity to care for itself and to avoid dangers which may threaten. The law does not disregard variations in capacity among children of the same age, and does not arbitrarily fix an age at which the duty to exercise some care begins or an age at which an infant must exercise the same care as an adult. * * * Determination whether under the particular circumstances in each case reasonable men *378 might differ as to the inferences that can be drawn is decisive of whether upon the evidence a question of fact or of law is presented. It is sometimes said that at least a presumption exists that a particular child is non sui juris, or that another child is not capable of exercising the care which an adult would exercise in the face of the danger which threatened. It would perhaps be more accurate to say that, under some circumstances, in the absence of any evidence bearing upon the capacity of a particular child except its age, an inference may be drawn, in the light of common experience, as to the child's ability to apprehend and avoid the danger which resulted in its injury. (Citing a case.) Here, too, however, it must be noted that from the cases decided in this court no general rule can be deduced that at a definite and fixed age the basis for an inference that a child is incapable of caring for itself under particular circumstances fails. * * * No rule of law fixes an arbitrary age at which a particular degree of care may be expected, or furnishes a true presumption which takes the place of evidence, that a child is not chargeable with contributory negligence. Only where the circumstances admit of only one inference may the court decide as a matter of law what inference shall be drawn." (Emphasis supplied.)
We resolve that the arbitrary rule which specifies that an infant under seven years of age is conclusively presumed to be incapable of contributory negligence does not exist in the law of this State.
We conceive it to be the law of this State:
1. That contributory negligence is never presumed in the absence of proof, and that the burden of proving contributory negligence devolves upon the party who alleges it.
2. That the degree of care required of a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience, and in order to determine whether a child old enough to be capable of negligence, has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation.
3. That where the evidence is such that in the consideration of the age, experience, and capacity of the child to understand and avoid the risks and dangers to which it *379 was exposed in the actual circumstances and situation of the case, fair-minded men might honestly differ as to whether the child failed to exercise the requisite degree of care stated in the preceding paragraph, having also in mind all of the other essential elements of contributory negligence, the question, where in issue, should be submitted to the jury with appropriate instructions from the court.
4. That where the child is of such tender years that fair-minded men could not honestly conclude that the child as yet possessed the capacity to understand and appreciate the risks and dangers of the situation in the circumstances disclosed by the evidence, the determination of incapacity is within the province of the court.
5. To justify an involuntary dismissal or judgment for the defendant upon the ground of the contributory negligence of an infant plaintiff, the capacity of the infant to have understood and appreciated the risk and danger to which it was exposed must, together with the contributory negligence, appear conclusively as a fact or by necessary exclusive inference from the proof. Trial judges should be extremely cautious in granting such a motion. But see, Anderson v. Central R.R. Co., 68 N.J.L. 269 (E. & A. 1902).
The judgment under review is reversed and a new trial directed. Costs to abide the event.