The Chicago, St. Louis and Pittsburgh Railroad Company

*v.*

Anna Welsh.

*Filed at Ottawa November 13, 1886.*

1. Negligence—*whether the question of comparative negligence involved—as, in case of injury to a child.* In an action by an infant, against a railway company, to recover for a personal injury, when the plaintiff, at the time of the injury, was too young to be chargeable with negligence, and the parent of the child is not shown to have been guilty of any, the question of comparative negligence does not arise. In such a case the inquiry is, whether the injury was caused by the negligence of the defendant.

2. Same—*instruction—when it need not present the rule as to comparative negligence.* The law does not make it necessary to state the doctrine of comparative negligence in an instruction, as applicable to a plaintiff incapable, from its tender years, of observing ordinary care for its personal safety, and hence an inaccuracy in an instruction as to the negligence of the plaintiff, is harmless, as no question can arise on it.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Willard & Driggs, and Mr. F. J. Loesch, for the appellant:

The second instruction given for the appellee assumes that appellant was guilty of wrongful acts, and leaves it to the jury whether the plaintiff suffered any permanent injury therefrom. This was error. *Insurance Co.* v. *Crawford*, 89 Ill. 62; *Chicago* v. *Bixby*, 84 id. 82; *Railroad Co.* v. *Griffin*, 68 id. 503; *Railroad Co.* v. *Robinson*, 106 id. 142.

The defendant's instruction should have been given as asked, presenting the law as to the comparative negligence of the parties. *Railroad Co.* v. *Eininger*, 114 Ill. 79; *Chicago* v. *Starr*, 42 id. 174; *Chester* v. *Porter*, 47 id. 66; *Railroad Co.* v. *Hetherington*, 83 id. 510; *Railway Co.* v. *Scates*, 90 id. 586; *Morrissey* v. *Railroad Co.* 125 Mass. 377; *Moon* v. *Railroad Co.* 99 Pa. St. 301; *Gillespie* v. *McGowan*, 100 id. 144; *Railroad Co.* v. *Schwindling*, 101 id. 258.

Mr. SIMON P. DOUTHART, for the appellee:

The instruction complained of does not assume any facts as true. It is not unusual or objectionable practice, when the plaintiff's counsel desires an instruction as to the rule of damages, to say to the jury, that if they find, from the evidence, that the defendant is guilty as charged, then the plaintiff is entitled to recover, etc. *Railroad Co.* v. *Payne*, 59 Ill. 434; *Collins* v. *City*, 32 id. 324.

The modification of appellant's instructions was proper, as they, as asked, failed to state the law correctly.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the name of Anna Welsh, by her next friend, Mary Welsh, against the Chicago, St. Louis and Pittsburgh Railroad Company, and was to recover damages for personal injuries sustained by plaintiff, by reason of the negligent conduct of defendant. On the trial in the Superior Court, plaintiff obtained a verdict in her favor, on which judgment was rendered. That judgment was affirmed in the Appellate Court for the First District, and defendant brings the case to this court on its further appeal.

It is averred in the amended declaration, plaintiff was sitting, with her playmate, on the sidewalk, on May street, at the time she received the injury complained of. It seems May street runs north and south, and that the main tracks of

defendant's road cross it from east to west.   One of the side
or switch-tracks was connected with the main tracks at Ann
street, and came down to May street, ending some three or
four feet west of May street.   This track was used for coal
cars.   There was no bumper at the end of this track.   On the
day of the accident to plaintiff, three cars loaded with coal
were standing on the track, the east end of the last car being
some five or six feet from the sidewalk on May street.   At
the time of the happening of the accident to plaintiff, she
was seven years and three months old.   Her mother resided
near where the accident occurred, and sustained herself and
family by her daily labor.   On that morning she had gone
out to service, and left plaintiff and other small children at
home.   There is evidence tending to prove, and it will be as-
sumed the trial and Appellate courts so found, that plaintiff
and her playmate were sitting on the sidewalk on May street,
playing together,—as the plaintiff expresses in her testimony,
"slinging stones over our heads."   At that point of time, a
switch-engine in charge of defendant's servants sent or pushed
in some coal cars from Ann street, which, coming in contact
with the cars previously on the switch, pushed them along
with such violence they went off the end of the track into
the sidewalk on May street, where the children were playing.
The car that went off the track into the sidewalk, ran upon
the plaintiff, by which her leg was so badly injured it had to
be amputated, at first, below the knee, and later, above the
knee.   Her little companion was instantly killed.   Assuming,
then, the facts to be as they were found by the Appellate
Court, as the evidence tends to establish them, the case pre-
sents no difficulty.

It is obvious, plaintiff was too young, at the time she was
injured, to observe any care for her personal safety.   It is
not suggested her mother was guilty of any negligence that
exposed her child to danger, or failed to observe the usual
precaution for its safety, in the care bestowed upon her, that

would usually be taken by persons in her position in life. Keeping in view the fact plaintiff was herself too young to exercise care to avoid injury, there was no serious error in modifying the instructions, as was done. Really the only question that could arise on the trial was, whether defendant had been guilty of negligent conduct in regard to that which caused the injury to plaintiff. In that view the modifications made to defendant's instructions, whether entirely accurate or not, could do the defendant no harm. It would be idle to state the doctrine of comparative negligence as applicable to a plaintiff incapable of observing ordinary care for personal security. In such cases the inquiry is, whether the injury was caused by the negligence of defendant. If so, a liability exists. The doctrine of the modifications to defendant's instructions are so nearly in accord with this view of the law, it is thought they contain nothing really hurtful to the defence.

It is said the second instruction given for plaintiff assumes that defendant was guilty of wrongful acts, and leaves it to the jury whether plaintiff suffered any "permanent injury" therefrom. It is not perceived the instruction is obnoxious to any such objection. It plainly directs the jury should find every fact material to a recovery, from the evidence, and does not assume the existence of any fact. If the instruction did assume the existence of material facts not proved, and without which there could be no recovery, of course it would be within the principle of the cases cited, and would, for that reason, be both erroneous and hurtful. But such is not the fact, as the instruction is read and understood by this court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*