**Robert Wesley Dawson, Plaintiff-Appellant, v. Thomas K. Hoffmann, Defendant-Appellee.**

**Gen. No. 11,770.**

Second District, Second Division.

September 12, 1963.

Rehearing denied October 10, 1963.

17

Barrett, Campbell & Silvestri, of Chicago (Edward J. Barrett, of counsel), for appellant.

Glenn K. Seidenfeld, of Waukegan (Bruce E. Kaufman, of counsel), for appellee.

WRIGHT, J.

On April 3, 1963, by order of this court, we allowed plaintiff's petition for leave to appeal within one year from the denial of his post-trial motion.

The plaintiff, Robert Wesley Dawson, a pedestrian, was struck by an automobile driven by the defendant, Thomas K. Hoffmann, a minor, on November 28, 1960, in the City of Barrington, Lake County, Illinois. At the time of the occurrence, the defendant was a minor seventeen years of age. The plaintiff filed a complaint for damages for personal injuries against the defendant. The case was tried before a jury in the Circuit Court of Lake County which returned a verdict finding the issues in favor of the defendant and plaintiff's post-trial motion for a new trial was denied. From this judgment, plaintiff appeals.

The sole ground urged for reversal is the giving of defendant's jury instruction No. 2. This is IPI Instruction No. 10.05. The exact form as given to the jury was as follows:

> "A minor is not held to the same standard of conduct as an adult. When I use the words 'ordinary care' with respect to the defendant, I mean that degree of care which a reasonably careful minor of the age, mental capacity and experience of the defendant would use under circumstances similar to those shown by the evidence. The law

18

does not say how such a minor should act under those circumstances. That is for you to decide."

It is the contention and theory of the plaintiff that this instruction has no application on the issue of negligence where a minor defendant is charged with negligence in the operation of an automobile.

This instruction has been construed in the recent cases of Betzold v. Erickson, 35 Ill App2d 203, 182 NE2d 342, and Ryan v. C. & D. Motor Delivery Co., 38 Ill App2d 18, 186 NE2d 156.

In Betzold v. Erickson, supra, the court held that the giving of a jury instruction, which stated that a minor's conduct was to be determined on the basis of that degree of care which an ordinary prudent child of his age, experience, intelligence and capacity would have exercised for the safety of others under the same or similar circumstances, was prejudicial error.

In Ryan v. C. & D. Motor Delivery Co., supra, an action was brought by the plaintiff, as Administrator of the Estate of James E. Bailey, deceased, arising out of an automobile accident. At the time of the collision, James E. Bailey was nineteen years of age. In deciding that a minor must be held to the same standard of care as an adult with respect to the operation of a motor vehicle, the court stated at page 6 of its Abstract opinion:

"Error is charged in the trial court's refusal of the following tendered instruction (Plaintiff's Instruction 4, tendered and refused):

" 'A minor is not held to the same standard of conduct as an adult. When I use the words "Ordinary Care" with respect to the decedent, I mean that degree of care which a reasonably careful minor of the age, mental capacity and experience of the decedent would use

19

under circumstances similar to those shown by the evidence. The law does not say how such a minor should act under those circumstances. That is for you to decide. (IPI No. 10.05)'

"It is our judgment that the tendered instruction was erroneous and that it was properly refused by the trial court. In our view a minor must be held to the same standard of care as an adult with respect to the operation of a motor vehicle. Betzold, et al., vs. Erickson, et al., 35 Ill App2d 203."

██ ██ Minors are entitled under the law to be judged by standards commensurate with their age, experience and wisdom when engaged in activities appropriate to their age, experience and wisdom, but it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standard of care and conduct than that expected of all others. The law will not countenance the adoption of a double standard of care to be exercised by the drivers of motor vehicles.

Accordingly, it is our opinion that in the operation of an automobile a minor must exercise the same degree of care as an adult, and that the trial court by the giving of Defendant's Instruction No. 2 committed reversible error.

The judgment of the Circuit Court of Lake County is reversed and the cause remanded for a new trial.

Judgment reversed and remanded.

CROW, PJ and SPIVEY, J, concur.