.Brian A. Kronenberger, Appellee, *vs.* Mildred Husky *et al., d/b/a* West Side Produce, Appellants.

*Opinion filed November 30, 1967.*

Wagner, Conner, Ferguson, Bertrand and Baker, of East St. Louis, (Bernard H. Bertrand, of counsel,) for appellants.

Cohn, Cohn & Korein, of East St. Louis, (Sandor Korein, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Brian A. Kronenberger, a minor, brought suit by his mother and next friend against Mildred Husky for personal

injuries. After trial before a jury in the circuit court of St. Clair County a verdict was returned for defendant and judgment entered thereon. On plaintiff's appeal the appellate court reversed and ordered a new trial on the ground that prejudicial error was committed in the giving of an instruction. The cause is here for further review on certificate of importance granted by the appellate court. 79 Ill. App. 2d 161.

The injuries were incurred when the plaintiff, then 10 years of age, was struck by defendant's car as he was riding his bicycle. He and his twelve-year-old brother, together with another boy 16 years old, were riding their bicycles in a southerly direction approaching an east-west thoroughfare from the north. There were stop signs at the intersection for north and south traffic. Plaintiff's brother reached the intersection first and crossed the east-west street without stopping. Then the plaintiff reached the intersection and after slowing a little proceeded across. He was hit by a car driven by defendant in an easterly direction.

Over plaintiff's objection the court instructed the jury in substance that every driver of a bicycle is required by statute to stop at a stop sign, where posted, before entering the intersection, and if the jury should decide that plaintiff violated the statute they could consider that fact together with all the other facts in determining whether or not he was contributorily negligent. The appellate court held the giving of the instruction to be prejudicial error because the Criminal Code says no person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed. Ill. Rev. Stat. 1961, chap. 38, par. 6—1.

We think the appellate court was in error. Traffic regulations, though penal in form, may establish standards of care a breach of which may be the basis for a finding of negligence. The plaintiff, being under 13, could not be held criminally responsible for violating the stop-sign statute.

But this does not mean that such a violation cannot be evidence of negligence on the part of a person of his age in a civil suit for damages, provided the jury is also instructed to take into consideration his age, capacity, intelligence and experience. Children, of course, are not held to the same accountability as are adults, and this is true in determining whether the child is guilty of contributory negligence. The law has long been established that between the ages of 7 and 14 the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. (*Maskaliunas* v. *Chicago and Western Indiana Railroad Co.,* 318 Ill. 142.) Thus in *Wolczek* v. *Public Service Co. of Northern Illinois,* 342 Ill. 482, an attractive nuisance case involving personal injuries to a child 11 years of age, it was held proper to instruct the jury that "a boy of the age of plaintiff is only required to exercise that degree of care and caution that a boy of his age, intelligence, capacity and experience would exercise under the same or similar circumstances".

The *Maskaliunas* case was a negligence action in which a seven-year-old boy was seriously injured in attempting to climb on a moving freight train. It was held that a statute making it a misdemeanor to climb upon a railroad car without permission did not apply to him *unless* the presumption of nonaccountability for his acts was overcome by proof as to his physical and mental capacity.

In *Glassman* v. *Keller,* 291 Ill. App. 262, a nine-year-old boy was riding his bicycle along a sidewalk when he was struck by a truck coming out of an alley. An ordinance prohibited the riding of bicycles on the sidewalk, and in the boy's suit for personal injuries the defendant tendered an instruction to find for defendant if the jury believed from the evidence that the boy was in violation of the ordinance. The instruction was held improper because it failed to include a direction to consider the age, capacity, intelligence

and experience of the plaintiff. In the case at bar the instruction merely authorized the jury to consider the violation, if any, on the question of contributory negligence. And the jury was further instructed that the plaintiff is not held to the same standard of conduct as an adult, that ordinary care with respect to him is that degree of care which a reasonably careful child of his age, mental capacity and experience would use under similar circumstances, and that this rule applies when a child is charged with having violated a statute. As far as the present objection is concerned the question of contributory negligence, as affected by the statutory violation, if any, as well as by other relevant facts, was properly submitted to the jury.

The judgment of the Appellate Court, Fifth District, is reversed and the cause is remanded to that court for the determination of other contentions not considered because of its conclusion on the present one.

*Reversed and remanded.*