JENNIFER L. KING, Plaintiff-Appellant, *v*. JAMES R. CASAD, Defendant-Appellee.

Fourth District No. 4—83—0313

Opinion filed March 30, 1984.—Rehearing denied April 16, 1984.

Arnold F. Blockman, of Hatch, Blockman & McPheters, of Champaign, for appellant.

Craig J. Causeman, of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff Jennifer King appeals from a judgment in the circuit court of Champaign County awarding her $5,000 in damages for personal injuries she received when she was struck by defendant's vehicle. The issue for our review is whether the trial court erred in instructing the jury that the standard of care required of a 15-year-old bicyclist is the ordinary care standard of Illinois Pattern Jury Instruction (IPI), Civil, No. 10.03 (2d ed. 1971). We hold that it was error and reverse and remand for a new trial.

On October 1, 1980, plaintiff filed suit against defendant for damages for personal injuries she sustained when the bicycle she was riding was struck by defendant's pickup truck at the intersection of First and Green streets in Champaign. Plaintiff alleged that the defendant had failed to obey a red traffic light, decrease his speed to avoid a collision, yield the right-of-way, and keep a proper lookout.

At trial, plaintiff testified that she was 15 years old at the time of the accident. She stated that she was riding her bicycle south on First Street in Champaign heading toward a grocery store on the southwestern side of First and Green. Plaintiff related that as she approached the intersection the light for her was green. She had an unobstructed view to her right and noticed defendant's truck approaching the intersection. She assumed that defendant's vehicle would stop at the red light and proceeded into the intersection. After

she was in the intersection, the traffic light changed to yellow, and she stated that she felt she could not stop in the middle of the intersection because it was not safe. She observed defendant's vehicle, realized he was not going to stop and turned the bicycle to the left. The last-moment maneuvering was of no avail, and defendant's front left fender struck plaintiff.

Defendant testified that he was traveling east on Green Street and stopped at the red light at the intersection. He stated that he stopped at the light and remained there for a short period; the light turned green, he looked to the north and proceeded into the intersection when he collided with plaintiff. Defendant claimed that he did not see plaintiff although he looked in the direction from which she was coming.

At the jury instruction conference, plaintiff's counsel tendered a combined IPI instruction taken from IPI Civil No. 10.05 and IPI Civil No. A10.03 (1981 Supp.). As tendered, this instruction provided:

"A minor is not held to the same standard of conduct as an adult. When I use the words 'ordinary care' with respect to the plaintiff, I mean that degree of care which a reasonably careful minor of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence. The law does not say how such a minor would act under those circumstances. That is for you to decide. The failure of the plaintiff to use that degree of care for her own safety is known as contributory negligence. Plaintiff's contributory negligence, if any, does not bar her recovery. However, the total amount of damages to which she would otherwise be entitled is reduced in proportion to the amount of her negligence. This is known as comparative negligence."

The trial judge rejected plaintiff's instruction No. 8, reasoning that "in today's world *** 10.05 cannot be used in this case, because there are too many people on bicycles today that are not minors and there is no way you can tell one from another." At a later point, defendant offered IPI Civil No. 10.03, without objection by plaintiff. The jury received a computational verdict form and found plaintiff 80% at fault, assessing total damages of $25,000.

■ We are first confronted with the argument of the defendant that plaintiff's failure to object to his submission of IPI Civil No. 10.03, the ordinary care instruction, results in a waiver of this issue on review. Supreme Court Rule 366(b)(2)(i) and decisional law makes clear that a party may not complain of a failure to give an instruction unless the party tenders an instruction and requests that it be given.

(87 Ill. 2d R. 366(b)(2)(i); *Grabner v. American Airlines, Inc.* (1980), 81 Ill. App. 3d 894, 401 N.E.2d 1196.) Conversely, a party may not allege error in the giving of an instruction unless he has made a timely objection thereto. (*Millette v. Radosta* (1980), 84 Ill. App. 3d 5, 404 N.E.2d 823.) Defendant suggests that plaintiff had an obligation not only to tender her own "duty" instruction but also to object to his instruction after the court refused the former. Since no objection was lodged by plaintiff to defendant's alternate instruction which was submitted after the trial court's refusal of plaintiff's instruction, the defendant contends that the entire issue is not open for review.

■ There were only two possible IPI instructions which could have been given by the trial court on the appropriate standard of care, either IPI Civil No. 10.03 or IPI Civil No. 10.05. Both could not have been given. Plaintiff's counsel tendered the instruction he felt appropriate and upon rejection of that by the trial court, the only other instruction was IPI Civil No. 10.03. By notifying the trial court of the ground of objection and by giving the trial court an opportunity to rule on the issue, the plaintiff has satisfied the essential purposes of the waiver doctrine. (*Fullerton v. Robson* (1978), 61 Ill. App. 3d 93, 377 N.E.2d 1044.) Applied here, we conclude that plaintiff's failure to object to the submission of defendant's instruction does not preclude her from challenging the trial court's refusal of her instruction. If error was committed on the latter, the giving of defendant's instruction was necessarily erroneous.

■ The principal issue on appeal is thus whether a 15-year-old bicyclist is required to exercise ordinary care for her own safety or whether the standard of care is that required of a minor.

Supreme Court Rule 239(a) requires that whenever the IPI contains an instruction applicable in a civil case, that instruction shall be used unless the court determines that it does not accurately state the law. (87 Ill. 2d R. 239(a).) Plaintiff's instruction No. 8 was a combined form of IPI Civil No. 10.05 and IPI Civil No. A10.03. IPI Civil No. 10.05 is the traditional instruction defining the standard of care required of a minor, and IPI Civil No. A10.03 merely incorporates the doctrine of comparative negligence into this duty instruction. The notes on use to No. A10.03 state that "[t]he instruction should be used in conjunction with IPI 10.02 defining 'ordinary care' if the plaintiff is over the age of 18 or is a minor operating a motor vehicle. If the plaintiff is a minor (and is not operating a motor vehicle), use IPI 10.05." (IPI Civil No. A10.03, at 9 (1981 Supp.).) This is precisely the procedure which plaintiff followed in the instant case.

■ Defendant argues that the standard of care required of a mi-

nor above the age of 14 is not accurately stated in IPI Civil No. 10.05 and that the appropriate standard is the same as applied to adults, the minor's intelligence and experience being considered. Defendant refers to the standard as the "qualified adult standard." In support of this suggestion he quotes the following language from the case of *Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 149-50, 149 N.E. 23, 26:

> "[I]n the case of a child above the age of fourteen years the same rule shall be applied to him in that regard as is applied to adults, his intelligence and experience being considered."

In brief and argument defendant has made no persuasive attempt to distinguish IPI Civil No. 10.05 from the language in the case of *Maskaliunas*. He merely suggests that they are different. Defendant points to evidence in the record that plaintiff testified she knew she had to obey traffic laws, she was familiar with the operation of automobiles and the implications of being struck by an automobile, and she knew she should stop at a yellow light if she could do so safely. Defendant suggests that plaintiff was as mature as an adult and should have been adjudged by an adult standard. Under defendant's reasoning, when the evidence proves that the over-14-year-old minor exhibits an adult's understanding of her responsibilities, the trial court can then rule as a matter of law that the ordinary care instruction is appropriate under the evidence. We disagree.

We conclude that IPI Civil No. 10.05 accurately states the standard of care required of a 15-year-old plaintiff. Both *Maskaliunas* and the later case of *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 245 N.E.2d 762, indicate that a child should be judged by a subjective and objective standard. That is, the jury should consider how a 15-year-old child with the experience and intelligence of the plaintiff would have acted under the circumstances. Under the "reasonable man standard" which is applied to adults and which was tendered to this jury, the jury is not instructed to consider the intelligence and experience of the adult but is required to assess how an ordinary prudent person would have acted under similar circumstances as shown by the evidence. (IPI Civil No. 10.02; *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108.) This is a significantly different inquiry than suggested in either *Maskaliunas* or *Dickeson*, and we can see no difference between the standard suggested in *Dickeson* and that of IPI Civil No. 10.05. Even though the evidence might otherwise indicate that the plaintiff here was sufficiently mature in judgment to have been capable of exercising the care required of an adult, the jury was not instructed to con-

sider this evidence but was instructed to consider how a reasonably careful person would have acted under similar circumstances.

■ Defendant also charges that IPI Civil No. 10.05 is a misstatement of the law because it instructs the jury that a minor is not held to the same standard of conduct as an adult. It should be pointed out, however, that the supreme court in *Dickeson* stated just that rule. The court noted that "[t]he *Maskaliunas* case permits a directed verdict to be entered against a child above the age of 14 on the issue of his contributory negligence; but it does not permit the contributory negligence of such a child to be measured by the identical standard as applied to an adult." *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 107, 245 N.E.2d 762, 764-65.

Defendant also cites *Fishel v. Givens* (1977), 47 Ill. App. 3d 512, 362 N.E.2d 97, and *Perricone v. DiBartolo* (1973), 14 Ill. App. 3d 514, 302 N.E.2d 637, as support for the giving of an ordinary care instruction in this case. Both *Fishel* and *Perricone* involved minors riding motorized mini-bikes where the courts have consistently applied a higher standard of care due to the "adult" activity in which the minor was engaged. See also *Betzold v. Erickson* (1962), 35 Ill. App. 2d 203, 182 N.E.2d 342 (minor driving truck held to ordinary care standard); *Mack v. Davis* (1966), 76 Ill. App. 2d 88, 221 N.E.2d 121 (17-year-old driving tractor—minor standard of care applied).

These cases are based upon the rationale that a child engaged in an adult activity is required to exercise responsibility in conduct consistent with the nature of the activity engaged in. The adult exception has not been applied to minor bicyclists. *Conway v. Tamborini* (1966), 68 Ill. App. 2d 190, 215 N.E.2d 303.

In *Conway*, a 14-year-old bicyclist was struck by defendant's vehicle while riding down a country road. The defendant in *Conway* argued that an ordinary care instruction should have been given to define the minor's duty of care because the minor was required to obey all traffic laws. The appellate court rejected this argument and suggested that a minor is judged by a higher standard of care when engaged in adult activities because the minor is undetectable by the public and the public cannot guard against youthful imprudence. The *Conway* court stated that this rationale did not apply to the plaintiff there because "[t]he appearance of this boy, with his tennis racket, and riding his bicycle, was notice to the defendant that the person some three hundred feet ahead was a minor, and that defendant should act accordingly." (68 Ill. App. 2d 190, 197-98, 215 N.E.2d 303, 307.) Defendant argues that this rationale applies here because he could hardly be said to be on notice that a minor was approaching

merely because she was operating a bicycle on a congested street. In fact, defendant testified that he did not even see her before the collision. The trial court apparently relied upon the *Conway* reasoning, stating that there were too many people on bicycles and that there was no way to tell whether the bicyclist was a minor or an adult.

Both the *Conway* court and the trial court misperceived the basis for the exception to the minor standard of care. As explained in *Mack*, a greater degree of care is required of a minor when engaged in adult activity because of the more dangerous nature of the activity engaged in. It is not based upon whether the public is on notice that a minor is involved in an adult activity. Indeed, defining the standard of care required of one person by reference to whether the other person had notice of the former's conduct is illogical. Despite the *Conway* court's misperceived rationale, however, the court reached a correct result. *Kronenberger v. Husky* (1967), 38 Ill. 2d 376, 231 N.E.2d 385; *Lewis v. Northern Illinois Gas Co.* (1981), 97 Ill. App. 3d 227, 422 N.E.2d 889; *Bixenman v. Hall* (1968), 251 Ind. 527, 242 N.E.2d 837.

■■ ■ We therefore hold that the trial court committed error in refusing plaintiff's instruction No. 8. Not every error in instructions requires a reversal. Where it can be said that the error did not affect the outcome or that no injury has been done, the decree or judgment will not be reversed. (*Both v. Nelson* (1964), 31 Ill. 2d 511, 202 N.E.2d 494.) An instruction which states the law with substantial accuracy will not be regarded as erroneous because of errors or omissions which are not prejudicial. A reviewing court will not reverse a trial court for such instruction unless the instruction clearly misled the jury. (*Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267.) We regard the failure to submit the minor standard of care instruction as an error which clearly misled the jury in evaluating plaintiff's duty in this case.

■ Lastly, the defendant has suggested that the appropriate disposition of this case is simply to remand for a new trial limited to the issue of liability under the authority vested in this court by Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)). In view of the fact that the error in the instruction necessarily concerns the determination by the jury of the issue of liability, we believe it necessary to reverse and remand for a new trial on both liability and damages.

For the foregoing reasons, the judgment of the circuit court of Champaign County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

MILLS, P.J., and WEBBER, J., concur.