MIRIAM CHU, a Minor, by her Mother and Next Friend, Eunsook Chu, Plaintiff-Appellant, v. ELIZABETH BOWERS, Defendant-Appellee.

Third District    No. 3—95—0232

Opinion filed September 28, 1995.

Cyr/Robertson Attorneys, of Moline (Donovan S. Robertson, of counsel), for appellant.

Katz, McAndrews, Balch, Lefstein & Feiweger, of Rock Island (Robert T. Park, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

We are asked in this interlocutory appeal to decide whether the tender years doctrine, which prohibits a child under the age of seven from being found contributorily negligent, is displaced by a provision in the Illinois Vehicle Code (625 ILCS 5/1—100 *et seq.* (West 1992)). We hold that the tender years doctrine bars the defense of comparative negligence as a matter of law in cases where a child under the age of seven is injured while riding a bicycle on a public road. We therefore reverse the order of the circuit court allowing the defendant to affirmatively plead the defense of comparative negligence.

The plaintiff, six-year-old Miriam Chu, was riding her bicycle across a public street when a vehicle driven by the defendant, Elizabeth Bowers, struck her. The plaintiff subsequently filed suit against the defendant seeking damages based on the defendant's negligence. The defendant asserted the affirmative defense of comparative negligence, claiming that the plaintiff was negligent in failing to observe various traffic laws.

The plaintiff moved to strike the defendant's affirmative defense because it is conclusively presumed under Illinois law that a child under the age of seven cannot be contributorily negligent. In response to the plaintiff's motion to strike, the trial court noted that section 11—1502 of the Illinois Vehicle Code (625 ILCS 5/11—1502 (West 1992)) holds those who operate bicycles on public roads to the same duties as those who operate motor vehicles. Finding no Illinois cases that directly addressed the impact of this statutory provision on the tender years doctrine, the trial court denied the plaintiff's motion. However, the trial court certified the following question for interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308): "Whether a child under the age of seven years can be guilty of comparative negligence, according to the standard of care of a child of similar age, mental capacity and experience, when involved in an accident while riding a bicycle on the public street."

Since 1886, Illinois courts have applied the tender years doctrine to prevent children under the age of seven from being found contributorily negligent. (*Chicago, St. Louis & Pittsburgh R.R. Co. v. Welsh* (1886), 118 Ill. 572, 9 N.E. 197; *Mort v. Walter* (1983), 98 Ill. 2d 391, 457 N.E.2d 18.) It is thus clear that, for most cases, a child of the

plaintiff's age cannot be found negligent. The question for our consideration is whether section 11—1502 of the Illinois Vehicle Code supplants the tender years doctrine in cases where children under seven are injured as a result of riding their bicycles on public highways.

In considering this issue, we note that "the common law is not to be deemed abrogated by statute unless it appears clearly that such was the legislative intent." (*Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375, 387 N.E.2d 1118, 1119; see also *Brown v. Rouse* (1904), 116 Ill. App. 513.) We must, therefore, find consistency between the tender years doctrine and section 11—1502 absent a clear legislative intent to the contrary.

Section 11—1502 provides in part that "[e]very person riding a bicycle upon a highway shall be *** subject to all of the duties applicable to the driver of a vehicle by this Code." (625 ILCS 5/11—1502 (West 1992).) We find nothing in this provision to suggest a legislative intent to displace the tender years doctrine. Like all traffic laws, section 11—1502 is designed for the broad purpose of controlling traffic and preventing accidents. (W. Keeton, Prosser & Keeton on Torts § 36, at 232 (5th ed. 1984).) It is enforced through criminal penalties (see 625 ILCS 5/11—202 (West 1992)) and does not create or expand civil liabilities.

It is true, of course, that the violation of a traffic statute may be introduced as evidence of negligence in a civil proceeding. (*Allen v. Dhuse* (1982), 104 Ill. App. 3d 806, 810, 433 N.E.2d 356, 360.) However, in cases involving children under the age of seven, the tender years doctrine prohibits the admission of evidence to establish a child's negligence. Thus, evidence of the violation of a traffic ordinance, like any other evidence of negligence, is not admissible to prove negligence on the part of a child protected by the tender years doctrine. See *Fakhoury v. Vapor Corp.* (1987), 154 Ill. App. 3d 531, 538, 507 N.E.2d 50, 55.

The defendant argues that section 11—1502's use of the phrase "every person," without excluding young children, evinces a legislative intent to include all persons who use public roads within the statute's purview. We have no dispute with this argument. However, the defendant fails to recognize that, in civil cases, the violation of a traffic ordinance serves an evidentiary function only and does not alter the established rules of liability. Therefore, we hold that section 11—1502 of the Illinois Vehicle Code does not supplant the tender years doctrine in cases where children are injured as a result of their use of bicycles on public roads.

The defendant additionally argues that her interpretation of the

Vehicle Code is the most reasonable one in light of Illinois' adoption of comparative negligence and other modern developments in the law. We find these arguments to be without merit.

While two appellate courts have held that the adoption of comparative negligence had no impact on the validity of the tender years doctrine (*Toney v. Mazariegos* (1988), 166 Ill. App. 3d 399, 519 N.E.2d 1035; *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.* (1994), 267 Ill. App. 3d 402, 641 N.E.2d 1228), these courts relied exclusively on *dictum* in *Mort v. Walter* (1983), 98 Ill. 2d 391, 457 N.E.2d 18, to the effect that children under seven cannot be contributorily negligent. We do not believe that *Mort* is conclusive authority for the proposition that the tender years doctrine has survived the adoption of comparative negligence. Nevertheless, we find that our State's adoption of comparative negligence has not vitiated the tender years doctrine.

While we agree with the defendant that the supreme court's adoption of pure comparative negligence and the legislature's subsequent adoption of modified comparative negligence evinces a policy favoring a system which equitably apportions recovery based on the relative fault of the parties, we do not find that the tender years doctrine is contrary to this policy. The tender years doctrine was not adopted, as the defendant suggests, simply to ameliorate the harsh result that occurs when a child is completely barred from recovering for injuries that were caused in part by the child's own negligence. Rather, the primary rationale for the rule is the belief that children under the age of seven are incapable of recognizing and appreciating risk and are therefore deemed incapable of negligence as a matter of law. (See *Chicago City Ry. Co. v. Tuohy* (1902), 196 Ill. 410, 63 N.E. 997.) The rationale for the rule applies regardless of the system used for apportioning fault. For this reason, we hold that the adoption of comparative negligence has had no impact on the viability of the tender years doctrine.

We recognize that several jurisdictions have rejected the tender years doctrine, primarily because of the arbitrary setting of the age below which a child is presumed incapable of negligence. As one court lamented, a child "who is one day under seven years of age may be guilty of the most flagrant contributory carelessness and yet evidence of his exceptional precocity and breadth of judgment and experience cannot be introduced to overcome the illusory presumption of baby-like puerility." (*Hellerstein v. Smelowitz* (N.J. Super. Ct. App. Div. 1952), 17 N.J. Super. 366, 377, 86 A.2d 265, 271.) It is therefore argued that courts should not draw a bright line in this context because the ability of children to appreciate risks is depen-

dent upon many factors other than age. Thus, many States apply the Massachusetts rule, leaving the question of whether a child has the capacity for contributory fault to the jury with instructions to apply a standard based on whether the child exercised a degree of care that is reasonable for similarly situated children. *E.g.*, *Eckhardt v. Hanson* (1936), 196 Minn. 270, 264 N.W. 776.

However, the tender years doctrine is not entirely without merit. While judicial line-drawing is inherently imprecise, bright line rules lead to predictable results and judicial economy. A bright line rule that relieves the jury of the burden of determining what standard of care to hold a particular child to is appropriate because of the unpredictability of children's behavior. See Hodge, Note, *Children and Comparative Fault: Determining the Burden Small Shoulders Should Bear*, 50 Mo. L. Rev. 1023 (1994).

In addition, there is something to be said for requiring citizens to assume total responsibility if their negligence caused injury to a child. While the child may have acted carelessly or thoughtlessly, it is in the nature of children to be careless and thoughtless on occasion, and society must be ever aware of the need to exercise extraordinary caution when children are present.

The defendant also contends that the plaintiff should be held to an adult standard of care because she was injured while engaged in an adult activity.

It is settled law in Illinois that children who engage in adult activities are held to an adult standard of care. (*Dawson v. Hoffmann* (1963), 43 Ill. App. 2d 17, 192 N.E.2d 695 (17 year old driving an automobile); *Betzold v. Erickson* (1962), 35 Ill. App. 2d 203, 182 N.E.2d 342 (13 year old riding a motorcycle).) It appears that no Illinois cases have addressed the issue of whether this rule also applies to children under the age of seven. However, we do not need to address this issue because several cases have held that riding a bicycle on a public street is not an adult activity. (*Kronenberger v. Husky* (1967), 38 Ill. 2d 376, 231 N.E.2d 385; *King v. Casad* (1984), 122 Ill. App. 3d 566, 461 N.E.2d 685; *Conway v. Tamborini* (1966), 68 Ill. App. 2d 190, 215 N.E.2d 303.) Accordingly, the defendant's reliance on this rule is misplaced.

Finally, the defendant finds support for her contention that the tender years doctrine should not be applied in this case by pointing to the line of cases holding that children under seven may be barred from recovery for personal injuries that result from a danger that is open and obvious. *E.g.*, *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.

The defendant correctly observes that Illinois courts have applied

the "open and obvious danger" rule to bar recovery by children under the age of seven. (*E.g.*, *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177; *Yacoub v. Chicago Park District* (1993), 248 Ill. App. 3d 958, 618 N.E.2d 685; *Wingate v. Camelot Swim Club, Inc.* (1990), 193 Ill. App. 3d 963, 550 N.E.2d 665.) However, this rule applies only in premises liability cases. (See *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836; *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.* (1994), 267 Ill. App. 3d 402, 641 N.E.2d 1228; see also Restatement (Second) of Torts § 339 (1965).) Furthermore, the open and obvious danger rule operates to bar recovery where the danger associated with the condition that causes the injury is so apparent that the landowner could not reasonably foresee any injury being caused by the condition. In such a case, the plaintiff cannot recover because the landowner has no duty to make the condition safe. Therefore, the open and obvious danger rule concerns the question of whether the defendant can be held negligent in the first instance, not whether the child can be held contributorily negligent. Accordingly, we reject the defendant's assertion that the open and obvious danger rule bars application of the tender years doctrine in this case.

For the foregoing reasons, we reverse the judgment of the circuit court of Rock Island County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P.J., and McCUSKEY, J., concur.