MAXINE APPELHANS, Plaintiff-Appellant, v. WILLIAM McFALL *et al.*, Indiv. and as Parents, Guardians, and Next Friends of William McFall, a Minor, Defendants-Appellees.

Second District   No. 2—00—1175

Opinion filed October 15, 2001.

Thomas J. Popovich and William E. Boyle, both of Law Offices of Thomas J. Popovich, P.C., of McHenry, for appellant.

Douglas J. Esp and Brian F. Lansu, both of Meyer, Kreuzer & Esp, of Wheaton, for appellees.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Maxine Appelhans, was walking along a rural road with no sidewalk when five-year-old defendant William McFall (William) collided with her while he rode his bicycle. Plaintiff suffered personal injuries and later filed her fourth amended complaint, in which she alleged that William rode his bicycle negligently and that his parents, defendants William and Stacy McFall, negligently failed to instruct him on the use of the bicycle or supervise him while he rode it. The trial court dismissed the complaint, and plaintiff appeals. Plaintiff now asks us to overturn the well-settled principle that a child is incapable of negligence if he is less than seven years old. She also argues that she was not required to allege specific facts that would render William's alleged negligence more foreseeable to his parents. We affirm.

In her fourth amended complaint, plaintiff alleged the following facts. On October 4, 1999, plaintiff, who was 66 years old at the time, was walking north along the eastern edge of McCabe Road in the Township of Nunda when William, who was five years old, rode his bicycle and struck plaintiff from behind. Plaintiff fell and suffered a fractured hip. At the time of the accident, it was daylight outside, the pavement was clear and dry, and no other pedestrians, automobiles, or bicyclists were present. The roadway in the area was straight and flat.

In count I, plaintiff alleged that William's parents negligently failed to (1) instruct their son on the proper use of his bicycle, or (2) supervise him while he rode his bicycle on a public roadway because they knew or should have known that his youth would prevent him from considering the safety of pedestrians such as plaintiff. Plaintiff alleged that her injuries were proximately caused by the parents' failure to supervise their son or teach him how to use his bicycle properly.

In count II, plaintiff generally asserted that William negligently caused the collision.

Defendants filed a motion to dismiss pursuant to sections 2—615(a) and 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—615(a), 2—619(a)(9) (West 2000)). The trial court granted the motion, concluding that William's youth rendered him incapable of negligence and that plaintiff failed to allege specific facts that would have put William's parents on notice that he might ride his bicycle negligently. This timely appeal followed.

## THE TENDER YEARS DOCTRINE

■ Defendants' motion to dismiss pursuant to section 2—619(a)(9) of the Code admits all well-pleaded facts in the complaint and all reasonable inferences drawn therefrom. See *Siebert v. Bleichman*, 306 Ill. App. 3d 841, 844 (1999). The trial court's dismissal under the section is subject to *de novo* review. See *Siebert*, 306 Ill. App. 3d at 844. The fact that disposes of this issue is undisputed: William was five years old when he collided with plaintiff.

■ On appeal, plaintiff contends that we should abandon the well-settled rule that a child is incapable of negligence if he is less than seven years old. She argues that we should adopt the "Massachusetts Rule," under which any child will be found capable of negligence if the fact finder decides that the child failed to exercise a degree of care that is reasonable for similarly situated children. *Toetschinger v. Ihnot*, 312 Minn. 59, 64, 250 N.W.2d 204, 208 (1977).

■ Section 283A of the Restatement (Second) of Torts (Restatement) mirrors the Massachusetts Rule and provides that "[i]f the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances." Restatement (Second) of Torts § 283A (1965). Comment *b* to section 283A further provides in relevant part:

> "Some courts have endeavored to lay down fixed rules as to a minimum age below which the child is incapable of being negligent, and a maximum age above which he is to be treated like an adult. Usually these rules have been derived from the old rules of the criminal law, by which a child under the age of seven was considered incapable of crime, and one over fourteen was considered to be as capable as an adult. The prevailing view is that in tort cases no such arbitrary limits can be fixed. Undoubtedly there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found; but with the great variation in the capacities of children and the situations which may arise, it cannot be fixed definitely for all cases." Restatement (Second) of Torts § 283A, Comment *b* (1965).

In 1886, our supreme court held that an injured child who was seven years and three months old at the time of the accident "was too young, at the time she was injured, to observe any care for her personal safety." *Chicago, St. Louis & Pittsburgh R.R. Co. v. Welsh*, 118 Ill. 572, 574 (1886). The court later expressly adopted the tender years doctrine, which states that a child is incapable of contributory negligence if he is less than seven years old. *Chicago City Ry. Co. v. Tuohy*, 196 Ill. 410, 422 (1902). Subsequently, the appellate court held that the adoption of comparative negligence in this state did not affect the validity of the tender years doctrine. *Chu v. Bowers*, 275 Ill. App. 3d 861, 864 (1995), citing *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 267 Ill. App. 3d 402 (1994), and *Toney v. Mazariegos*, 166 Ill. App. 3d 399 (1988). The rationale for the tender years doctrine is the belief that a child under the age of seven is incapable of recognizing and appreciating risk and is therefore deemed incapable of negligence as a matter of law. *Chu*, 275 Ill. App. 3d at 864. The child's immaturity limits his liability regardless of whether, as a litigant, he is the plaintiff or the defendant. *Jorgensen v. Nudelman*, 45 Ill. App. 2d 350, 352 (1963).

■ Initially, we address plaintiff's argument that the "open and obvious danger" rule is inconsistent with the tender years doctrine. She contends that William should be liable for the allegedly "open and obvious" danger he created for plaintiff because a court would hold him responsible for the open and obvious dangers he encounters himself. In *Chu*, the Appellate Court, Third District, rejected this argument, concluding that the open and obvious danger rule applies only to premises liability cases. *Chu*, 275 Ill. App. 3d at 866. The rule bars a minor's recovery where the danger associated with the condition that causes the injury is so apparent that the landowner could not reasonably foresee the condition causing any injury. Therefore, the court noted, the rule addresses the question of whether the defendant landowner is negligent rather than whether the child is negligent. *Chu*, 275 Ill. App. 3d at 866. Because the open and obvious danger rule addresses a defendant landowner's potential negligence and the tender years doctrine addresses a minor plaintiff's potential negligence, the two doctrines are not inconsistent. We agree with the Third District's analysis of this issue and reject plaintiff's argument accordingly. See *Chu*, 275 Ill. App. 3d at 866.

Defendants contend that we must follow the tender years doctrine simply because Illinois courts have applied it for nearly 100 years. Plaintiff responds that profound societal changes since the adoption of the rule undermine defendants' advocacy of *stare decisis*. Specifically, plaintiff asserts that the judiciary that crafted the rule did not envi-

sion "cable television, video games, the internet, pre-teen gangs, and violent crime." She argues that, in response to these modern-day challenges, children are instructed at an early age that they must exercise good judgment for themselves and others and therefore we may hold them to a reasonable standard of care based upon their age.

In reaffirming its preference for the Massachusetts Rule, the Supreme Court of Minnesota quoted an opinion it drafted in 1936:

> " 'Under present-day circumstances a child of [tender years] is permitted to assume many responsibilities. There is much opportunity for him to observe and thus become cognizant of the necessity for exercising some degree of care. Compulsory school attendance, the radio, the movies, and traffic conditions all tend to have this effect. *** The Illinois rule has no basis in sound reason or logic. It is based upon an outworn historical rule of criminal law which refused to acknowledge any capacity on the part of any child under seven years of age to distinguish between right and wrong.' " (Emphasis omitted.) *Toetschinger*, 312 Minn. at 65-66, 250 N.W.2d at 208, quoting *Eckhardt v. Hanson*, 196 Minn. 270, 272, 264 N.W. 776, 777 (1936).

■ The Minnesota high court recognized that children were sufficiently sophisticated in 1936 to be held to a reasonable standard of care. As society has changed dramatically since the *Eckhardt* court made its observations, children have become even more sophisticated. Because the tender years doctrine is based on the assumption that young children cannot recognize or appreciate risk, the rule is increasingly undermined as society more thoroughly educates them on safety issues. We find *Eckhardt* to be persuasive, and it lends great weight to plaintiff's argument that Illinois children under the age of seven may be negligent.

Plaintiff further contends that the tender years doctrine is unreasonable because it arbitrarily sets an age below which a child is presumed to be incapable of negligence. Plaintiff contends that the use of an arbitrary age leads to "ridiculous" results because a child does not "magically" know to exercise due care after his seventh birthday. In *Chu*, the Third District acknowledged that several jurisdictions have accepted this argument and rejected the tender years doctrine accordingly. *Chu*, 275 Ill. App. 3d at 864-65, citing *Hellstern v. Smelowitz*, 17 N.J. Super. 366, 377, 86 A.2d 265, 271 (App. Div. 1952), and *Eckhardt*, 196 Minn. at 272, 264 N.W.2d at 777. We agree with plaintiff that the arbitrariness of the rule supports its abandonment. However, we reluctantly conclude that the principle of *stare decisis* requires this court to reassert the tender years doctrine.

It is well settled that where it is clear that a court has made a

mistake in adopting a rule, it should not decline to correct it, even though the rule may have been reasserted and acquiesced in for many years. *Maki v. Frelk*, 40 Ill. 2d 193, 196 (1968). No person has a vested right in any rule of law entitling him to insist that it shall remain for his benefit. However, when a rule of law has been settled, it should be followed unless a party can show that serious detriment prejudicial to the public interest is likely to arise. The rule of *stare decisis* is founded upon sound principles in the administration of justice, and a court should not depart from rules long recognized as the law merely because the court believes that it might decide the issue differently if the question were novel. *Maki*, 40 Ill. 2d at 196.

In *Maki*, the plaintiff argued that the long-standing doctrine of contributory negligence should be abandoned in favor of some form of comparative negligence. The appellate court agreed and reversed the trial court's dismissal of the plaintiff's complaint. Our supreme court rejected the appellate court's analysis and affirmed the trial court's dismissal, concluding that such a far-reaching change in the law should be addressed by the legislature. *Maki*, 40 Ill. 2d at 197. Thirteen years later the legislature had not yet addressed the issue, so the supreme court adopted the doctrine of "pure" comparative negligence to avoid the harsh results that the doctrine of contributory negligence had produced. *Alvis v. Ribar*, 85 Ill. 2d 1, 27 (1981). In response to *Alvis*, the legislature eventually adopted the "modified" form of comparative negligence by enacting section 2—1116 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1116 (now 735 ILCS 5/2—1116 (West 2000))), which became effective on November 25, 1986. *West v. Boehne*, 229 Ill. App. 3d 1045, 1049 (1992). The modification in the law that plaintiff advocates is nearly as far-reaching as the change from contributory negligence to modified comparative negligence, and we decline to announce such a sweeping change here. Instead, we invite our supreme court or the legislature to revisit the viability of the tender years doctrine.

When a child is between 7 and 14 years old, the trier of fact must consider the "age, capacity, intelligence, and experience of the child" in light of the rebuttable presumption that a child between the ages of 7 and 14 is incapable of negligence. *Savage v. Martin*, 256 Ill. App. 3d 272, 281 (1993). However, it is well settled in Illinois that a child who is 14 years old (*Country Mutual Insurance Co. v. Hagan*, 298 Ill. App. 3d 495, 505 (1998)) or who engages in an adult activity (*Chu*, 275 Ill. App. 3d at 865) is held to an adult standard of care. Because bicycle riding on a public street is not an adult activity, a bicyclist between the ages of 7 and 14 is held to a reasonable standard of care based upon his age and experience. *Chu*, 275 Ill. App. 3d at 865. Therefore,

one could argue that, when a child under the age of 7 engages in an activity that children between the ages of 7 and 14 normally pursue, such as riding a bicycle, the child should be held to the standard of care of a reasonable 7-year-old. However, we do not answer this question here.

Plaintiff has offered persuasive arguments in support of abandoning the tender years doctrine, but we nevertheless follow the rule because other courts of this state have already done so. One district of the state appellate court is not always bound to follow the decisions of other districts, even though there may be compelling reasons to do so when addressing factually similar cases. *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 398 (1992). Therefore, we need not follow the decisions of the Third District (*Chu*) and First District (*Jorgensen*) of the Appellate Court. However, if we were to reject the tender years doctrine, we would create a split in appellate court authority that would render uncertain the rights of many future litigants in this state. Therefore, we follow this arguably antiquated rule and adhere to the principle of *stare decisis*. We conclude that the trial court correctly dismissed count II of plaintiff's complaint because William was incapable of negligence at the time of the accident.

## NEGLIGENT PARENTAL SUPERVISION

■ Plaintiff next asserts that William's parents were negligent for failing to supervise William or instruct him on the proper use of his bicycle. Plaintiff contends that she is not required to plead specific instances of negligence because William's tender age put his parents on notice that better parental supervision was necessary. The trial court rejected this argument and dismissed the claim pursuant to section 2—615(a) of the Code. The question presented by a section 2—615(a) motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle the plaintiff to a recovery. We review the dismissal of plaintiff's claim *de novo*. See *Lott v. Strang*, 312 Ill. App. 3d 521, 523 (2000).

■ In Illinois, the parent-child relationship does not automatically render parents liable for the torts of their minor children. *Lott*, 312 Ill App. 3d at 524. Parents may be liable, however, if they do not adequately control or supervise their child. To prove a claim of negligent supervision, a plaintiff must show that (1) the parents were aware of specific instances of prior conduct sufficient to put them on notice that the act complained of was likely to occur and (2) the

parents had the opportunity to control the child. *Lott*, 312 Ill. App. 3d at 523-24; Restatement (Second) of Torts § 316 (1965).

In *Duncan v. Rzonca*, 133 Ill. App. 3d 184 (1985), this court held that the plaintiff sufficiently alleged a claim for negligent parental supervision. The defendant worked at a bank, and her desk was equipped with a silent alarm button. The defendant's three-year-old son often accompanied the defendant to work, and on one occasion, he triggered the alarm and the police responded. Six days later, a bank employee told the defendant that the child had previously activated the alarm and instructed the defendant to prevent the child from doing so again. Later that day, the boy pushed the button and a police officer, the plaintiff, was injured while responding to the alarm. *Duncan*, 133 Ill. App. 3d at 187-88. We held that the plaintiff stated a claim for negligent parental supervision by alleging that the defendant knew of the need to control the child and that she had the opportunity to do so. *Duncan*, 133 Ill. App. 3d at 200.

This case is easily distinguishable from *Duncan*. Here, plaintiff alleged that the parents' mere knowledge of William's age sufficiently informed them that ongoing supervision was necessary. Plaintiff did not assert that the parents knew of a specific prior incident where William negligently struck a pedestrian while he rode his bicycle. Plaintiff essentially contends that parents should be liable for all negligent acts of their children. However, we conclude that holding parents strictly liable for failing to prevent their child's negligence is unreasonable and unsupported by the law. *Cf. Chu*, 275 Ill. App. 3d at 865 ("it is in the nature of children to be careless and thoughtless on occasion, and society must be ever aware of the need to exercise extraordinary caution when children are present").

In *Lott*, the plaintiffs sued the parents of an unemancipated minor who caused a traffic collision while he was allegedly intoxicated. In support of their negligent parental supervision claim, the plaintiffs alleged that the parents knew that their son was likely to drive negligently because he had been at fault in an earlier traffic accident. The trial court dismissed the claim, and the Fourth District Appellate Court affirmed the dismissal, concluding that section 316 of the Restatement does not require parents to "prevent their children from ever entering into a situation where they might commit a negligent act." *Lott*, 312 Ill. App. 3d at 525. The court further noted that the parents had no duty to discipline their child and regulate his conduct on a long-term ongoing basis. Parents are not liable for such broadly defined omissions. *Lott*, 312 Ill App. 3d at 525.

■ In this case, plaintiff defines the omission in parenting even more broadly than the alleged parental negligence addressed in *Lott*.

Furthermore, plaintiff does not allege that the parents had an opportunity to follow William to ensure that he rode his bicycle safely. We conclude that plaintiff did not allege the two elements of negligent parental supervision. After viewing the fourth amended complaint in the light most favorable to plaintiff, we conclude that plaintiff failed to allege facts that would entitle her to a recovery. See *Lott*, 312 Ill. App. 3d at 523.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

RAPP and CALLUM, JJ., concur.